WM. D. HOLLEY, PLAINTIFF IN ERROR, vs. STATE OF FLORIDA, DEFENDANT IN ERROR.

A party indicted for murder is entitled, upon proper application, to a writ of *habeas corpus* for the purpose of showing such facts as may satisfy the court that the proof is not strong or the presumption is not great that he is guilty of a capital offence, and that he is entitled to be discharged on bail. The indictment charging a capital offence is not conclusive upon such application, under the statute, as to the character of the testimony.

Writ of error to Circuit Court of Jackson county.

*McClellan & Milton* for Plaintiff in Error.

The Attorney-General, for the State, submitted the case on the authority of Finch vs. State, reported in this volume.

RANDALL, C. J., delivered the opinion of the court.

The plaintiff in error, indicted for murder, applied to the court for a writ of *habeas corpus* for the purpose of discharge on bail, upon the ground that he was not guilty, and

Holley v. The State of Florida.

upon the ground that the proof was not evident nor the " presumption great ; " that the evidence on the part of the State was merely circumstantial and hearsay, and does not even raise a presumption of guilt ; and, further, that he is an invalid and his health will be impaired by confinement in jail until the next term of the court.

The Judge refused to grant the writ substantially upon the ground that the finding of an indictment by a grand jury established the fact, for the purposes of this application, that the proof was evident and the presumption great.

At the last term of this court we held, in the case of Finch against the State, that a party indicted for murder is entitled, under the laws of this State, upon *habeas corpus*, to produce such evidence as may operate to convince the court that the offence is of such grade, or that there are such strong doubts in the case that a jury should not, upon the case as presented, convict of a capital offence, and be discharged on bail.

Of course, upon such an application, the public prosecutor should have sufficient notice of the time and place of the hearing to prepare therefor and to produce evidence. Whether in such case the public interests require the prosecutor to produce any evidence beyond the indictment, must be judged of by him and by the court, and the conclusion of the court upon the case as presented will not prejudice the State or the accused when the facts are presented to a jury.

The order of the Circuit Court is reversed, and the cause remanded with direction that the writ be granted.