ISAAC COLEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 10, 1914.

On the trial of a defendant charged with murder, it is under the statutes erroneous to permit the official stenographer of the court, on the request of the prosecuting attorney, to read from his stenographic notes the testimony of two absent witnesses, as given by them at a former trial.

Writ of Error to Circuit Court for Clay County; Geo. Couper Gibbs, Judge.

Judgment reversed.

*A. H. Bell,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

HOCKER, J.—The Plaintiff in Error, herein called the defendant, was indicted for murder in the first degree in the Circuit Court of Clay County for the unlawful killing of one Charles Manago, at what are called the Quarters of Long & Budington, at Middleburg, in Clay County, in February, 1913. He was tried in October, 1913, was convicted of murder in the second degree, and sentenced to the Penitentiary at hard labor for life. The case is here for review on writ of error.

On the trial Mr. Raleigh C. Dowling was introduced as a witness by the State, and testified that he was the Official Reporter for the Fourth Circuit in April, 1913; that he reported the testimony and proceedings in the former trial of this case at the Spring Term of the court; that Dr. Claude L. Joyner and one T. S. Cherry then testified as witnesses in behalf of the State. Dr. Joyner was out of the State, and Mr. Cherry was dead. Mr. Dowling, at the request of the State Attorney, was permitted to read from his stenographic notes the testimony of these witnesses at the former trial. This was all objected to by the defendant's attorney, the objections were overruled and exceptions noted. The testimony of both these witnesses as read from the stenographic notes was prejudicial to the defendant. The doctor testified that a wound he found on Charles Manago's person was the cause of his death, and there was evidence tending to show that the defendant inflicted the wound. Mr. Cherry's evidence as read from the stenographic notes tended to show that

the defendant stated to the witness that he killed Manago, and with his own pistol.

It is contended here that this testimony was erroneously admitted.

Section 1 of Chapter 5897, Laws of 1909, is as follows: "In case any judgment at law rendered by any court of the State of Florida shall be reversed and a new trial awarded, and it be made to appear to the satisfaction of the court that any evidence used at the former trial, whether oral or written, and incorporated in the bill of exceptions, can not be had, then the bill of exceptions taken at the previous trial may be used as evidence upon any subsequent trial of the case, as to any matter in issue at the former trial; Provided, that no evidence given upon a former trial of any case pending in any of the courts of the State of Florida shall be used in evidence upon the trial of any cause in any of the courts in the State of Florida, except as herein provided."

It is evident that no evidence given upon a former trial of any case pending in any of the courts of this State can be used in evidence except as provided in this section, that is where a new trial is awarded upon reversal and evidence used in the former trial can not be had, then the bill of exceptions taken at the former trial may be used, as stated in this section; but no other evidence given at the former trial shall be used as evidence. We have nothing to do with the policy of this act, but it seems to us that by reason of it, the judge erred in allowing the evidence which is objected to.

The judgment of the Circuit Court is reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.