# DECISIONS

OF THE

# Supreme Court of Florida

## JUNE TERM, A. D. 1915.

*Ex Parte* A. E. Tully *et al.*

Opinion Filed Sept. 23, 1914.*

1. A conviction for rape which is a capital offense, may be sustained on the affirmative testimony of the prosecuting witness when the witness is not fully impeached or discredited, particularly where there are corroborative facts and circumstances in evidence.

2. In habeas corpus proceedings to secure bail the burden rests upon the petitioners to prove that they are entitled to bail under the constitution by showing that the proof is not evident and the presumption not great of the capital offense alleged against them. The evidence for the State as well as that for the accused should be presented by the petitioners in an application for bail. The petitioners may by proper procedure test the probative force of the testimony for the State, in order to fully present their case for the purposes of the hearing.

3. In applications for bail where there is substantial, affirmative and positive legal evidence that is not fully impeached or clearly discredited, upon which evidence a verdict of guilty of the capital offense charged may be lawfully found and sustained, and the entire evidence does not clearly show merely a probability of guilt of a capital offense, then it may be considered that "the proof is evident or the presumption

---

*This opinion, through some error, was not furnished attorney-general in time for previous reports.

great" of a "capital offense," within the meaning of the constitutional provision on the subject, and bail may not be allowed, even though such evidence of guilt of a capital offense may be sharply contradicted by other competent and unimpeached evidence and even though such contradictory evidence, if believed by a jury at a trial, would justify a verdict of acquittal or a verdict of guilty of a lesser crime that may be included in the capital offense charged.

Petitioners remanded.

Original proceedings in habeas corpus before a Justice of the Supreme Court.

*W. C. Hodges, F. B. Winthrop, W. H. Price, W. J. Oven* and *Nat R. Walker,* for Petitioners;

*Geo. W. Walker, State Attorney,* and *Guyte P. Mc-Cord,* for the State.

WHITFIELD, J.—In an application for a writ of habeas corpus made to a Justice of the Supreme Court of Florida, it is in effect alleged that the petitioners have been denied bail and are held in custody by the Sheriff of Leon County, Florida, by virtue of a mittimus issued under a charge of rape; that the petitioners "do not question the legality of the process under which they are held, or the proceeding out of which process issued; but allege that they are guilty of no capital offense whatsoever," and are unlawfully held in custody by being denied the right to give bail; that petitioners ask for a hearing upon a writ of habeas corpus solely for the purpose of determining whether or not the proof of the capital offense charged against them, is evident or the presumption great, so

that the petitioners may avail themselves of their constitutional right to bail if entitled to do so. A writ of habeas corpus was issued by the Justice. Owing to the absence from the State of the Judge of the Judicial Circuit in which Leon County is situated, the writ was made returnable for hearing before the Justice who issued it. The return of the Sheriff shows his authority for the custody of the petitioners to be as alleged and stated above. The petitioners move to be allowed bail.

Section 9 of the Declaration of Rights of the State Constitution ordains that "all persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident or the presumption great." Section 3221 of the General Statutes provides that "whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will,   *   *   * shall be punished by death or by imprisonment in the State prison for life." A conviction for rape which is a capital offence may be sustained on the affirmative testimony of the prosecuting witness when the witness is not fully impeached or discredited, particularly where there are corroborated facts and circumstances in evidence.

In habeas corpus proceedings to secure bail the burden rests upon the petitioners to prove that they are entitled to bail under the Constitution by showing that the proof is not evident and the presumption not great of the capital offence alleged against them. The evidence for the State as well as that for the accused should be presented by the petitioners in an application for bail. Rigdon v. State, 41 Fla. 308, 26 South. Rep. 711.

It is the province of a jury in an appropriate judicial trial to pass upon the credibility and probative force of conflicting testimony and to ultimately determine the

guilt or innocence of persons charged with capital offences, subject to such review as may be provided by law.

In this proceeding it cannot be determined whether the petitioners are guilty or innocent of the capital offence charged against them, or of any offence. The only question here presented for determination is whether "the proof is evident or the presumption great" that each of the petitioners, did as alleged, ravish and carnally know "a female of the age of ten years or more, by force and against her will," which is made a capital offence by statute, so as to adjudge whether the petitioners are lawfully held in custody without bail, pending a trial in due course of law to legally determine their guilt or innocence of the alleged capital offence. No action taken on this application for bail should enter into the ultimate determination of the guilt or innocence of the petitioners.

In habeas corpus proceedings to secure bail, if there is no substantial legal, credible and unimpeached evidence of all the elements that are essential in law to constitute a capital offence on the charge under which the petitioners are held, or if the evidence taken as a whole shows only a probability of guilt of a capital offence, then it cannot fairly be considered that "the proof is evident or the presumption great" of a capital offence, and the petitioners would be entitled to exercise their rights under the constitution to bail "by sufficient sureties." Gainey v. State, 42 Fla. 607, 29 South. Rep. 405; Ex Parte Nathan, 50 South. Rep. 38. But in application for bail where there is substantial affirmative and positive legal evidence that is not fully impeached or clearly discredited, upon which evidence a verdict of guilty of capital offence charged may be lawfully found and sustained, and the entire evidence does not clearly show merely a probability of

guilt of the capital offence, then it may be considered that "the proof is evident or the presumption great" of a "capital offence," within the meaning of the constitutional provision herein quoted, and bail may not be allowed, even though such evidence of guilt of a capital offence may be sharply contradicted by other competent and unimpeached evidence and even though such contradictory evidence, if believed by jury at a trial, would justify a verdict of acquittal or a verdict of guilty of a lesser crime that may be included in the capital offence charged. Thrasher v. State, 26 Fla. 526, 7 South. Rep. 847.

The evidence adduced at this hearing is in sharp conflict on the material points, viz: whether there was carnal intercourse as alleged by force and without consent. The petitioners each testified in effect that they took the girls on an automobile ride in the country at eight o'clock at night with the expectation and intention of having illegal sexual intercourse with them, but not by force or against their will and consent. There is positive testimony by the alleged victims that about the same time the petitioners had carnal intercourse with them by force and against their will, and corroborative facts and circumstances were shown in evidence. Such testimony was not clearly impeached or wholly discredited, though there was testimony that the general reputation of the prosecuting witnesses in the community in which they live for chastity and virtue is bad, which was introduced for the purpose of impairing the credibility and probative force and effect of the testimony given by them as to the carnal intercourse and as to the use of force and the absence of consent. There is also affirmative testimony by the petitioners that they each had no carnal intercourse with the alleged victims by force and against their will; and that for what-

ever was done short of sexual intercourse, consent was voluntarily yielded. This testimony taken with the facts and circumstances in evidence favorable to the petitioners tended to support the contention that no carnal intercourse was had by force and against the will of the females, which is the essential feature of a capital offence alleged. But the credibility of the witnesses and the probative force of the conflicting evidence are to be ultimately determined not in this proceeding, but by a jury in a trial had in due course; and there is evidence, as stated above, which, if believed beyond a reasonable doubt by a jury, would legally sustain a verdict of guilty of the capital offence alleged. In view of these considerations and for the purposes of this proceeding it cannot be justly held that the proof is not evident or the presumption not great of a capital offence, so as to entitle the petitioners to bail pending a trial in due course of law to determine their guilt or innocence of the capital offence alleged against them.

The petitioners are remanded without bail.