CHARLEY BENNETT, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion Filed December 22, 1914.

1. Where there are assignments of error in a criminal case which are not argued, but merely repeated and insisted upon in the brief of plaintiff in error, an appellate court is not required to do more than read the record carefully in connection with such assignments, and if it discovers no plain or glaring error prejudicial to the plaintiff in error, under such assignments, the judgment will not be reversed because of such assigned errors.

2. A statement voluntarily made by one prior to his arrest concerning a hand bag for the larceny of which he was subsequently tried, is admissible in evidence against him.

3. The purpose of Section 1 of Chapter 5897, of the Laws of Florida, Acts of 1909, page 45, is to permit the introduction in evidence of a bill of exceptions containing evidence adduced at a former trial, when certain evidence given at such former trial cannot be had. Such statute does not affect the rule that permits of the introduction of testimony as to confessions or admissions against interest, whether made in court or extra-judicial.

4. A defendant in a criminal case is not entitled as of right to an instruction to the jury to return a verdict of not guilty.

Writ of error to the Criminal Court of Record for Volusia County; Bert Fish, Judge.

Judgment affirmed.

*A. G. Hartridge,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, C. J.—Charley Bennett seeks relief here from a conviction of the crime of larceny. Ten errors are assigned, but we shall discuss only those which are argued, treating the others as having been abandoned. See Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656, and Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, 8 L. R. A. (N. S.) 509.

The fourth and fifth assignments are argued together and are as follows:

*"Fourth.* The Court erred in permitting witness for State E. L. Smith to testify as to statements made by defendant while executing a search warrant over the objection of attorney for defendant.

*Fifth.* The Court erred in denying motion of defendant's attorney to strike testimony of State's witness E. L. Smith on the ground, that it is improper, the defendant never having been warned that any statement he made would be likely to be used against him; and on the further ground that it is not germane to the issue, and the witness is seeking to make the defendant testify through a third party and the witness testimony is merely that of a contradiction of the State's witnesses. It is not a contradiction of anything the defendant has said himself, nor it is not a confession of any crime."

We find from the bill of exceptions that E. L. Smith was introduced as a witness for the State and testified that he was the Sheriff of Volusia County and that he had gone to the house in which the defendant was living,.in company with the defendant, with a search warrant, under

which he was authorized to search such house for a black hand bag; that the defendant who was not under arrest at that time and against whom no criminal prosecution had been instituted, voluntarily accompanied the witness to the house and showed him the room which the defendant occupied therein, also his brother's room, and exhibited to the witness a brown suit case, stating of his own accord to the witness, without any questions having been propounded to him, that such suit case was the only grip or piece of baggage that he had brought back with him from Jacksonville and that he had borrowed that case to use on the trip. We are of the opinion that these assignments have not been sustained. It had already been developed by the evidence that the black hand bag, with the larceny of which the defendant stood charged, had been taken from a passenger coach on a train running from Jacksonville to DeLand Junction, in which coach the defendant was traveling at the time, that the defendant was seen to get off the train at DeLand Junction with both a brown suit case and a black hand bag, to board the train for DeLand with such two pieces of baggage, to arrive at DeLand with them and to go in a hack with them from the station to the house in which he roomed. As the defendant was not under arrest and no criminal proceeding charging him with such larceny, was pending against him, there was no occasion to caution or warn him as to statements which he might make. What we have already said shows the relevancy of the statement which the defendant voluntarily made.

The next assignment urged before us is the sixth, which is as follows:

"*Sixth.* The Court erred in overruling the objection of defendant's attorney to any testimony of J. Lee Mc-Crory, a witness for the State, sought to be introduced

by the witness as to what testimony was given by the defendant in the preliminary trial as it is an effort to compel the defendant to testify, the law making it optional whether he takes the stand or not, and prohibiting the State to compel him to testify; and on the further ground that under the decision of this court in Coley v. State, that no testimony given at a former trial of any cause in this State can be introduced except by a bill of exceptions."

J. Lee McCrory, a State witness, testified that he held the position of County Judge of Volusia County and that as such official he had caused the accused to be brought before him for an examination, in accordance with the provisions of Section 3931 of the General Statutes of Florida, at which preliminary hearing or examination the defendant voluntarily took the stand as a witness in his own behalf and, after having been cautioned or warned as to any statements which he might make, testified "that he had only one suit case; that it was a yellow suit case, and belonged to his brother Lovin; that he did not have a black hand bag or satchel or suit case and knew nothing of it."

We think that the defendant has placed an erroneous construction upon Section 1 of Chapter 5897 of the Laws of Florida, Acts of 1909, page 45, which reads as follows:

"Section 1.   That Section 1523, of the General Statutes of Florida, in reference to use of former bills of exceptions be, and the same is amended, so as to read as follows, to-wit:

1523.   *Use of Former Bills of Exceptions.*   In case any judgment at law rendered by any court of the State of Florida shall be reversed and a new trial awarded, and it be made to appear to the satisfaction of the court that any evidence used at the former trial, whether oral or written, and incorporated in the bill of exceptions, can not be

had, then the bill of exceptions taken at the previous
trial may be used as evidence upon any subsequent trial
of the case, as to any matter in issue at the former trial;
Provided, That no evidence given upon a former trial of
any case pending in any of the courts of the State of Flor-
ida shall be used in evidence upon the trial of any cause
in any of the courts in the State of Florida, except as
herein provided."

It is obvious that the purpose of this Act is to permit
the introduction in evidence of a bill of exceptions con-
taining evidence adduced at a former trial, upon the re-
versal of a judgment rendered thereat, when certain evi-
dence given at such former trial cannot be had.  In other
words, provision was made for the admission of the bill
of exceptions when the testimony of a witness who had
testified at a former trial could not be had by reason of
the death, sickness or insanity of such witness or by rea-
son of the fact that he is out of the jurisdiction or cannot
be found after diligent search.  See the discussion in Put-
nal v. State, 56 Fla. 86, 47 South. Rep. 864.  Such statute
does not affect the rule that permits of the introduction
of testimony as to confessions or admissions against inter-
est, whether made in court or extra-judicial.  This being
true, the case of Coley v. State, 67 Fla. 178, 64 South.
Rep. 751, relied upon by the defendant to support his con-
tention has no relevancy and could not be held to control,
therefore this assignment must fail.

The eighth assignment is based upon the denial of the
defendant's motion for an instruction to the jury to re-
turn a verdict of not guilty.  No error is made to appear
here.  We have several times held that a defendant in a
criminal case is not entitled as of right to an instruction
to the jury to return a verdict of not guilty.  See Ryan
v. State, 60 Fla. 25, 53 South. Rep. 448, and authorities

there cited, and Hughes v. State, 61 Fla. 32, 55 South. Rep. 463.

The judgment must be affirmed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J. concur.