Davis v. The State of Florida—Sullabus.

Browne, C. J., and Taylor and Whitfield, J. J., concur. West, J., disqualified.

---

Alexander Davis, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

## Opinion Filed October 17, 1917.

1. A defendant in a criminal case is not entitled as of right to an instruction to the jury to return a verdict of not guilty.

2. Where there is conflicting testimony on a material point, a motion to direct a verdict of not guilty is properly refused.

3. Whatever evidence is offered which will assist in knowing which party speaks the truth of the issues in an action is relevant, and, when to admit it does not override other formal rules of evidence, it should be received.

4. In a prosecution for larceny, where the ownership of property is at issue, the defendant has the right to prove if he can, that the person in whom the ownership is laid in the indictment, had parted with the title to the property.

Writ of Error to Criminal Court of Record for Duval County, J. M. Peeler, Judge.

Judgment reversed.

*Frank D. Brennan,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

Browne, C. J.—Plaintiff in error was convicted of

grand larceny at the February term, 1917, of the Criminal Court of Record for Duval County, and seeks reversal in this court on writ of error.

The first error assigned is based on the denial of the defendant's motion to direct a verdict of "Not Guilty." This was not error. This court has several times laid down the rule that a defendant in a criminal case is not entitled as of right to such an instruction. McCray v. State, 45 Fla. 80, 34 South. Rep. 5; Leaptrot v. State, 51 Fla. 57, 40 South. Rep. 616; Hughes v. State, 61 Fla. 32, 55 South. Rep. 463; Bennett v. State, 68 Fla. 494, 67 South. Rep. 125. The defendant contends that the testimony showed that the ring alleged to have been stolen passed into his possession with the consent of Rosa Styles, who was its lawful custodian. Rosa Styles and her sister testified that Rosa did not consent to the defendant taking the ring, and that after he had taken it he was told to return it, which he refused to do. The defendant testified that Rosa Styles consented to his taking it, and that she voluntarily let him have it to raise money for his own use. In view of this conflicting testimony, the motion to instruct the jury to render a verdict of not guilty was properly refused.

The eighth ground of the motion for a new trial, is based on the refusal of the court to charge the jury in relation to finding the property in the possession of the defendant recently after it was said to have been stolen. This charge was properly refused, as it was not applicable to the facts in the case. The taking was proven by two witnesses and not denied by the defendant, and a charge covering the presumption of fact to be drawn from the possession of property recently stolen is not applicable where the actual taking is proven.

The fourth ground of the motion for a new trial is that

the court sustained the objection to the following ques-
tion propounded to the defendant on his direct examina-
tion: "Tell the jury in your own way what your rela-
tions were with the girl Rosa Styles at the time you re-
ceived this ring from her."

The guilt or innocence of the defendant depended
largely on whether there was a felonious taking of the
ring from Rosa Styles by the defendant, or whether she
consented to the taking, as testified to by him. If they
were mere acquaintances, his statement is hardly cred-
ible. If on the other hand their relations were very inti-
mate, the jury would have been justified in giving cre-
dence to his statement, and the defendant had the right
to prove the degree of intimacy existing between them,
that the jury might determine whose statement was en-
titled to credit. If the defendant's version were true
there was no felonious taking, and he was not guilty of
larceny, and testimony of their relations with each other
would have assisted the jury in knowing which party
spoke the truth.

In Prior v. Oglesby, 50 Fla. 248, 39 South. Rep. 593,
the court said: "Whatever evidence is offered which will
assist in knowing which party speaks the truth of the
issues in an action is relevant, and, when to admit it
does not over-ride other formal rules of evidence, it
should be received."

We think the court erred in sustaining the State's ob-
jection to this question.

The third ground of the motion for a new trial is that
the court erred in sustaining the State's objection to the
following question propounded by the defendant to Rosa
Styles on cross-examination: "Didn't R. N. Wade give
you this ring outright to induce you to have sexual inter-
course with him." To this question the State interposed

a general objection without stating any grounds. The testimony is undisputed that Rosa Styles was in lawful possession of the ring, and that the defendant got it from her. The information charges the defendant with having stolen "one diamond ring of the value of $100 of the property, goods and chattels of one R. N. Wade." Rosa Styles is not mentioned in the information. The ownership of the ring was in issue, and the defendant had the right to prove, if he could, that Wade had parted with the title to the ring, and was no longer the owner. If he could show that Wade gave the ring to Rosa Styles, she was the owner and there was a fatal variance between the allegation of ownership and the proof. Wade had parted with the title to the ring the consideration was immaterial, and it would have been proper for the court to exclude so much of the question as related to the consideration, but as the ownership was material to the issue, the defendant should have been permitted to ask the question, or so much of it as related to the ownership, and the court erred in sustaining the State's objection to the question.

The judgment is reversed and a new trial granted.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J., disqualified.