MATHEWS, Justice. '
This is an appeal from the final order entered by the Circuit Judge in a habeas corpus proceeding.
Fred Goepel was indicted for murder in the first degree. He filed a petition for writ of habeas corpus, the primary object of which was for the determination of whether or not proof was evident or the presumption great, for the purpose of fixing the amount of bond should it be determined that bond was grantable.
It appears from the record that the accused was attempting to establish facts *352 which would negative the first degree murder charge. He attempted to show that he was so drunk at the time of the crime that he was unable to have an intent necessary for first degree murder. In addition to that he attempted to show that he was in a fit of passion at the' time of the crime. Certain portions of the transcript fully demonstrate that the Circuit Judge misapprehended the full nature of the hearing and the law applicable to • such hearing. The following excerpts of the transcript are pertinent:
“The Court: But I am not trying the man. You may be right in your statement of the law there, but I am not concerned with that. I am only concerned with whether the proof is great and the presumption evident from the facts. I don’t see where the question of being drunk makes a particle of difference in this hearing. Objection sustained.
* * * * * *
“Mr. Brautigam: If the Court please, I don’t mind some testimony as to his condition, but I still think it is immaterial whether he wás drunk or sober.
“The Court: I agree with you. I don’t think it is material for the purpose of this hearing.
******
“The Court: Just for the purpose of shortening this, what do you expect to prove by this witness ?
“Mr. Zarowny: I expect to prove by this witness, if I can get it in, that this man was intoxicated; secondly, that this man told this investigator that his wife had been drunk for several days, during which time he had not seen her, and that on the night of May 22, 1953, they had an argument; that she later left and returned, and then they had a further argument which resulted in the stabbing.
“The Court: "All of which is immaterial to this hearing. That may be why he did it, but it certainly has nothing to do with the degree of proof that he did it.
“Mr. Zarowny: This witness here, together with Mr. Goepel, I think will show the court the fact that the provocation was great and that he killed this woman in the heat * * *
“The Court: We are not concerned with why he killed her, if the evidence shows that he killed her. The transcript here shows that he killed her.”
At such a hearing it is the duty of the trial Judge to inquire into all the essential elements of the crime. The pri- ' mary purpose of the hearing is to determine whether or not the proof is evident or the presumption is great. If the determination is that the proof is not evident or the presumption is not great, then the accused is entitled to bail. Ex parte Tully, 70 Fla. 1, 66 So. 296; Russell v. State, 71 Fla. 236, 71 So. 27.
It is true that intoxication does not excuse or mitigate any degree of unlawful homicide except murder in the first degree. The exception of murder in the first degree is because the degree of intoxication may determine the question of intent. Garner v. State, 28 Fla. 113, 9 So. 835; Crews v. State, 143 Fla. 263, 196 So. 590.
The accused has the right to a full opportunity to examine State’s witnesses as to the elements of crime of murder in the first degree and a full hearing should be afforded him for that purpose.
Reversed, with directions to proceed further in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.