ROBERTS, Chief Justice.
Pursuant to a grand jury indictment charging petitioner with the capital crime of rape, petitioner was confined in the Orange County, Florida, jail. While so confined petitioner filed this cause in the form of a petition for a writ of habeas corpus in the Circuit Court of Orange County alleging he was being deprived of his right to bail and praying for an opportunity to be released from confinement on a reasonable bond. Three days after petitioner filed the habeas corpus proceedings, on motion of counsel he was adjudged insolvent.
On October 24, 1962, and November 1, 1962, hearings were held to determine petitioner’s right to bail. As a direct result of these hearings a final judgment was entered denying petitioner the right to bail and remanding him to the custody of the Sheriff of Orange County. The trial court’s reasons for its refusal of bail are expressed in the following language of its final judgment:
“CONSIDERED, ORDERED AND ADJUDGED:
“1. That the Writ of Habeas Corpus issued in this action be and the same is *162 hereby quashed, the Court being of the opinion and by this Judgment holding that it is necessary for the Petitioner herein to show that he can make bail in a reasonable amount before the Court will determine whether or not he is entitled to bail; that is, a determination of whether or not the proof is evident or the presumption is great of his guilt.
“2. That the Court is further of the opinion that the showing made by the Petitioner in this cause is insufficient to establish the condition precedent; that is, that he can make bail and that, therefore, he is not entitled to take further evidence to determine whether or not the proof is evident or the presumption great in order that the Court might then make a determination as to whether or not he is entitled to bail.” (Emphasis supplied.)
This court has jurisdiction of the instant direct appeal from a final judgment of the trial court because the trial court in its final judgment construed a controlling provision of the Florida Constitution. (See Section 4(b) (2), Art. V, Constitution of Florida, F.S.A.)
Section 9, Declaration of Rights, Florida Constitution explicitly provides:
“All persons shall be bailable by sufficient sureties, except for capital of-fences where the proof is evident or the presumption great.”
Previous to the construction placed upon said constitutional provision in the instant case, it had been held to mean that:
“If the person who is duly charged with a crime is denied the right to bail when the offense charged is not a capital offense, or when the charge is of a capital offense and the proof is not evident or the presumption is not great of the guilt of the accused of the capital offense charged, such denial of the right to bail is a deprivation of liberty without due process of law, in violation of the Constitution, as well as a denial of the organic right to bail in all cases except the capital offenses where the proof is evident or the presumption great; * * *.” (Emphasis supplied.)
Ex Parte McDaniel, 86 Fla. 145, 97 So. 317, 318. To a like effect see Ex Parte Tully, 70 Fla. 1, 66 So. 296, and State ex rel. Goepel v. Kelly, Fla.1953, 68 So.2d 351.
The primary purpose of the hearing, such as was conducted in this cause, is to determine whether or not proof of the accused’s guilt is evident or the presumption great. If the determination is that the proof is evident or the presumption of guilt is great, then the accused is not entitled to bail and his financial ability to “make bail” becomes immaterial. On the other hand, if the determination is that the proof is not evident or the presumption is not great, then the accused is entitled, as a matter of right, to bail in the same manner as those who are accused of non-capital crimes.
The general principle that the amount of bail should be reasonable, which is expressed in the constitutional provision that “excessive bail should not be required” is equally applicable to bailable capital offenses. (See Section 8, Declaration of Rights, Florida Constitution, and Jones v. Cunningham, 126 Fla. 333, 170 So. 663.)
The trial court erroneously construed the controlling constitutional provision herein when it attempted to require the petitioner to prove his ability to “make bail in a reasonable amount” as a condition precedent to a determination of the accused’s right to bail in a capital case. Such a limitation upon the organic right to bail cannot be countenanced.
For the reasons above stated, the final judgment of the trial court is reversed and *163 this cause is remanded to the Circuit Court for further proceedings consistent with the decision herein.
TERRELL, THOMAS, DREW and SEBRING (Retired), JJ., concur.