PER CURIAM.
Petitioner filed in this court a -petition for writ of habeas corpus alleging that she is now and has been confined in the county jail of Suwannee County continuously since the time of her arrest on August 17, 1966, upon a charge of murder in the first degree ; that she was indicted by a grand jury and was tried for first degree murder in the Circuit Court of Suwannee County which resulted in a mistrial on July 13, 1967. Following her mistrial it is alleged that she applied to the Circuit Court for an order allowing bail pending her subsequent trial which has not yet been scheduled, which application was denied.
Section 9 of the Declaration of Rights of the Florida Constitution, F.S.A. provides that all persons shall be bailable by sufficient sureties except for capital offenses where the proof is evident or the presumption great. .To deny bail to one otherwise entitled thereto is a deprivation of constitutional rights and due process of law.
It appears to be an accepted principle of law that a mistrial does not establish per se that an accused is entitled to bail, *2 but is a factor which may be considered by the court in exercising its discretion as to the admission of the prisoner to bail pending his subsequent trial.[1]
We have carefully reviewed the transcript of the trial proceedings which resulted in the mistrial of the charge against petitioner and are pursuaded to the view that the evidence of guilt is wholly circumstantial and does not measure up to that standard required to justify the denial of bail pending retrial.
In State ex rel. Hyde v. Thursby[2] this court had occasion to review an order denying habeas corpus sought on the ground that one charged with a capital offense had been wrongfully denied the right to bail pending trial. In that case this court, speaking through Judge Johnson, said:
“At this point in the proceedings, the only evidence of the State is circumstantial, and as such it is necessary to be more than a suspicion. It must exclude every other hypotheses except that of guilt [Mayo v. State, 71 So.2d 899 (Fla.1954)]. The Supreme Court of Florida has held in Russell v. State, 71 Fla. 236, 71 So. 27 (Fla.1916), that the evidence must be stronger than beyond a reasonable doubt to prevent bail being afforded pursuant to Section 9, Declaration of Rights.”
From our review of the record in this case, and upon consideration of the principles of law guiding our decision, we hold that petitioner is entitled to bail pending retrial of the charge against her. Petitioner is allowed ten .days from the date of this decision within which to renew her application to the trial court for an order allowing bail in such reasonable amount as may be determined by that court, in default of which the petition filed herein shall stand dismissed. If upon consideration of such application it is again denied, then the respondent herein, as Sheriff of Suwannee County, is ordered and directed to release petitioner from custody pending her retrial on the indictment against her. Jurisdiction of this cause is reserved for the entry of such other and further orders as may be deemed necessary and expedient.
WIGGINTON, C. J., and RAWLS and JOHNSON, JJ., concur.

. 4 Wharton, Criminal Law and Procedure, § 1824 (1957); 8 Am.Jur.2d 802, Bail and Recognizance, § 32.

. State ex rel. Hyde v. Thursby, (Fla.App.1966) 184 So.2d 505, 507.