ADKINS, Justice.
By direct appeal, we are asked to review the order of the Circuit Court of Columbia County denying bail on defendant’s petition for writ of habeas corpus. Defendant James is under indictment for first degree murder.
The precise question presented is whether the Circuit Court erred in denying- bail.
The facts of the case are these: Defendant was indicted for first degree murder of one Dan Bevans. At subsequent preliminary hearing before the County Judge, the State’s most important evidence of probable cause was given by witness Andrew Wilson, who testified as an eyewitness to the killing. After Wilson died, the defendant by petition for writ of habeas corpus questioned whether he was entitled to release on bail. At the hearing, the State Attorney admitted that for purposes of the hearing on bail, the primary evidence against defendant was a transcript of testimony of the witness Wilson. The Court denied bail and ordered the defendant held for trial. Defendant then appealed to this Court.
The constitutional right to bail in Florida is specified in Fla.Const., art. 1, § 14, Declaration of Rights, (1968), F.S.A. as follows:
“Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great." (Emphasis supplied)
At a hearing on the question of right to bail, it was necessary that the State produce evidence indicating great presumption of guilt. In this case, the evidence produced was that of an eye-witness who had testified at preliminary hearing and had been subjected to cross and recross examination. This is sufficient to raise a great presumption of guilt, adequate to resist an attempt to secure release on bail.
The question is not before us whether the transcript of the deceased witness’ testimony is admissible as evidence at trial. See Fla.Const., art. 1, § 16, Declaration of Rights, (1968); Fla.Const., § 11, Declaration of Rights, (1885); Davis v. State, 65 *384 So.2d 307 (Fla.1953); Putnal v. State, 56 Fla. 86, 47 So. 864 (1908); Blackwell v. State, 79 Fla. 709, 86 So. 224, 15 A.L.R. 465 (1920); Coley v. State, 67 Fla. 178, 64 So. 751 (1914) ; Young v. State, 85 Fla. 348, 96 So. 381 (1923). At the hearing on bail, the State conceded that the transcript of Wilson’s testimony was its primary evidence, on which it had to rely. We are not at this time confronted with the question of the admissibility of Wilson’s testimony at trial and do not pass upon the question of its admissibility. Its weight may be considered at a hearing on bail and given consideration by the Court.
The order of the Circuit Court denying defendant’s petition for writ of habeas corpus demanding bail is correct. The order of this Court temporarily staying trial pending resolution of the question raised is hereby dissolved. This case is remanded to the Circuit Court of Columbia County for further proceedings consistent with this opinion.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, CARLTON and BOYD, JJ., concur.