293 So.2d 725 (1974)
Columbus Fletcher PRIMM, Petitioner,
v.
STATE of Florida, Respondent.
No. 74-480.
District Court of Appeal of Florida, Second District.
April 30, 1974.
*726 Henry Gonzalez, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Petitioner, Columbus Fletcher Primm, was charged in two separate informations filed in Hillsborough County with the crime of rape in violation of § 794.01, Fla. Stat., F.S.A. His application to be released on bail pending trial was denied without hearing by the circuit court. A prior petition for writ of habeas corpus filed here was denied without prejudice to seek further relief in the circuit court. After hearing, the trial court again denied bail. Thereupon, the petitioner filed this amended petition for writ of habeas corpus or, in the alternative, motion to seek bail in this court.
The only evidence in the record before this court as to the proof of guilt being evident or the presumption thereof great is the hearsay testimony of the two investigating officers.
The degree of proof necessary to deny bail in capital offenses was set forth by our Supreme Court in State v. Williams, 87 So.2d 45:
"In Russell v. State, 71 Fla. 236, 71 So. 27, this Court held that the degree of proof sufficient to deny an accused the right to bail in a capital case under our Constitution, to-wit, proof that guilt is evident or the presumption of guilt is great is actually a greater degree of proof than that which is required to establish guilt merely to the exclusion of a reasonable doubt. See State ex rel. Freeman v. Kelly, Fla. 1956, 86 So.2d 166; State ex rel. Hernandez v. Culbreath, 152 Fla. 356, 11 So.2d 569; State ex rel. Connor v. Sullivan, 160 Fla. 844, 36 So.2d 828."
In James v. State, Fla. 1970, 241 So.2d 383, the defendant James was indicted for first degree murder. At a subsequent preliminary hearing an eye-witness testified to the homicide. Thereafter, the eye-witness died and James petitioned for writ of habeas corpus questioning whether or not he was entitled to release on bail. At the hearing on James' right to bail the State admitted that its primary evidence against him was a transcript of testimony of the eye-witness. Bail was denied and appeal taken to the Florida Supreme Court. The court held:
"At a hearing on the question of right to bail, it was necessary that the State produce evidence indicating great presumption of guilt. In this case, the evidence produced was that of an eye-witness who had testified at preliminary hearing and had been subjected to cross and re-cross examination."
The court held that this testimony was sufficient to raise a great presumption of guilt adequate to resist an attempt to secure release on bail. The court was not confronted with the question of whether or not this testimony would be admissible at trial but held that its weight could be considered at a hearing on bail and given consideration by the court.
The important distinguishing factor in the case sub judice and in James, supra, is that in James the testimony considered was that of an eye-witness given under oath at a preliminary hearing and was subject to cross-examination; whereas, in this case the only testimony adduced to raise a great presumption of guilt was strictly hearsay testimony of two investigating officers who were testifying to statements made to them by the victims and an eye-witness who were not under oath and not subject to cross-examination by the petitioner.
*727 In view of the fact that James, supra, held that it was necessary for the State to produce evidence indicating great presumption of guilt, this cause is remanded to the trial court for a rehearing as to petitioner's right to bail under the guidelines established in James.
Remanded for further hearing.
HOBSON, Acting C.J., BOARDMAN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.