291 So.2d 207 (1974)
STATE ex rel. Edward E. LOPER, Petitioner,
v.
Edward J. STACK, Sheriff, Broward County, Florida, Respondent.
No. 74-136.
District Court of Appeal of Florida, Fourth District.
March 8, 1974.
As Corrected May 24, 1974.
Warner S. Olds, Public Defender, and James G. Roth, Asst. Public Defender, Fort Lauderdale, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond, Asst. Atty. Gen., West Palm Beach, for respondent.
MAGER, Judge.
Petitioner, by way of original application for habeas corpus testing the legality of his detention, seeks relief from the lower court's denial of his application for bail pending trial.
An information was filed charging petitioner with having committed a non-capital offense, i.e., robbery. Petitioner contends that he was entitled to bail as a matter of right and that the burden was on the state to demonstrate that "the proof of guilt is evident or the presumption is great". Petitioner asserts that the trial court erred in *208 placing this burden on the accused rather than on the state.
The constitutional right to bail in Florida is set forth in Sec. 14, Art. I, the Declaration of Rights, Florida Constitution, F.S.A.:
"Section 14. Bail.  Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great."
In essence the petitioner suggests that upon the filing of an application for bail nothing further be done with respect to petitioner's entitlement to bail; that in order for petitioner to be deprived of bail the burden rests upon the state to present evidence indicating that "the proof of guilt is evident or the presumption is great". The petitioner's contentions are not supported by the case law in this state.
It has been an established principle in Florida that on an application for bail the burden is on the accused "to take the initiative and show from the evidence that the proof of his guilt is not evident or the presumption great". Larkin v. State, Fla. 1951, 51 So.2d 185; See also Holley v. State, 15 Fla. 688 (1876); Rigdon v. State, 41 Fla. 308, 26 So. 711 (1899); Ex parte Nathan, 50 So. 38 (1908); Ex parte Tully, 70 Fla. 1, 66 So. 296 (1914); Russell v. State, 71 Fla. 236, 71 So. 27; State ex rel. Ball v. Buchanan, Fla.App. 1966, 185 So.2d 510; see also 89 A.L.R.2d 355, 362. This principle and its application was succinctly set forth by the Florida Supreme Court in Larkin v. State, supra, 51 So.2d at page 185:
"Petitioner having been charged with a capital offense is entitled to a speedy hearing but the burden is on him to take the initiative and show from the evidence that the proof of his guilt is not `evident or the presumption great.' The character and extent of the evidence may depend on the circumstances of the case but in order that it produce bail it must convince the court that the proof is not evident or the presumption great that accused is guilty of a capital offense. Such is the plain requirement of Section 9, Declaration of Rights... .
"On an application like this we are not concerned with whether or not the evidence is sufficient to establish guilt beyond a reasonable doubt but the point for determination is whether or not it reveals that degree of proof which convinces the judge that guilt is evident or the presumption of it great. If it establishes no more than a probability of guilt bail should be granted... . If the evidence is of such probative value that guilt is extremely doubtful or presumption vague, it fails of the test and bail should be granted."
A review of the record in the case sub judice reveals that the only "evidence" offered by the petitioner and the state were the representations made by counsel for the respective parties concerning the evidence. Such representations cannot be deemed to be "evidence" either in support of or resistance to an application for bail. Cf. State v. Konigsberg, 1960, 33 N.J. 367, 164 A.2d 740, 89 ALR2d 345. A review of the above cited Florida cases will reflect the nature of bail proceedings and is illustrative of the evidentiary presentation.
Suffice it to say that insofar as the case sub judice is concerned, petitioner did not present evidence to sustain the burden of proving his entitlement to bail. However, inasmuch as petitioner's presentation may have been premised upon an erroneous interpretation of the principles of law applicable to the granting of bail, nothing herein is intended to preclude petitioner from seeking further application for *209 bail in accordance with the applicable principles pertaining thereto.[1]
Petition for writ of habeas corpus denied.
WALDEN and CROSS, JJ., concur.
NOTES
[1] In support of his contention, petitioner cites James v. State, Fla. 1970, 241 So.2d 383, and State v. Thursby, Fla.App. 1966, 184 So.2d 505. These cases, which are both factually and legally distinguishable from the case sub judice, dealt primarily with the quantum of proof and admissibility of certain proof rather than burden of proof.