PER CURIAM.
This is an appeal by the defendant, William Shapiro from an order discharging a writ of habeas corpus.
Shapiro filed a petition for writ of habeas corpus in the trial court in which he alleged that he was being illegally held without bond on charges of first degree murder and conspiracy to commit first degree murder. As grounds, he stated that the proof was not evident nor was the presumption great that he was guilty of such charges and, therefore, he was entitled to bail as a matter of right. The trial court issued the writ. After a full evidentiary hearing with Shapiro and the State present, the court determined that the proof was evident and the presumption great that Shapiro had committed the crimes for which he was charged, bond was denied and the writ was discharged. It was Shapiro’s burden to take the initiative and show from the evidence that the proof of his guilt was not evident nor was *135 the presumption great. State ex rel. Loper v. Stack, Fla.App.1974, 291 So.2d 207, 208, and cases cited therein. The record' reflects that the testimony adduced at the ev-identiary hearing consisted mainly of that of a co-conspirator. The uncorroborated testimony of an accomplice may be sufficient to support a conviction. See Anderson v. State, Fla.1970, 241 So.2d 390, 396. We. find that there was substantial competent evidence for the trial court to make its determination and deny bond.
Shapiro’s contention on appeal that he was entitled to discharge as a matter of right because the State failed to make a return to the writ of habeas corpus is without merit as there is nothing in the record to indicate that the writ was served upon the respondent Sandstrom.
Therefore, the order appealed is affirmed.