### WILLIAMS v. LAKOWSKI.
No. 77-556 SPW.
County Court, Broward County.
September 23, 1977.

Bruce L. Randall, Fort Lauderdale, for the plaintiff.

Martin L. Lipnack of Schnur & Lipnack, Sunrise, for the defendant.

HARRY GULKIN, County Court Judge.

This matter was tried by the court on September 16, 1977. The court, having had the opportunity to consider the testimony of the parties and review the exhibit introduced into evidence on behalf of the plaintiff, and having considered the argument of counsel, makes the following determinations of fact and conclusions of law —

That the plaintiff, James Williams, and the defendant, Geraldine Lakowski, entered into a valid contract on March 9, 1977, whereby the defendant agreed to sell certain items of personal property to the plaintiff, and the plaintiff agreed to purchase the same for $9,500.

That the plaintiff, James Williams, paid $1,000, representing a cash down payment which was accepted by the defendant.

That time was of the essence in the performance of the contractual obligations undertaken by the parties in that the plaintiff was put on notice by the defendant that the delivery of the items of personal property had to take place within a particular period of time to which condition the plaintiff gave his assent. Even though there was nothing set forth in the express written contract making time essential, the court concludes that time was of the essence as a result of the verbal conversation by and between the parties. See 7 Fla. Jur., *Contracts*, Section 112, *et seq.*

Although it is a well established rule that parol evidence is inadmissible to vary the terms of a valid written instrument, one of the most important exceptions to or clarifications of the parol evidence rule is that parol evidence *is* admissible to prove a condition to the written contract for the purpose of showing that there existed no binding contract. Compare, *Beach Keys, Inc. v. Girvin*, 313 So.2d 134 (Fla. 1st DCA 1968).

That the plaintiff, by virtue of his delay in the performance of the contract, i.e., the physical removal of the items of personal property that were stored in the garage of the defendant, breached the terms of the contract. See 7 Fla. Jur., *Contracts*, Section 156.

That, as a result of the actions taken by the plaintiff, the defendant was entitled to rescind the contract, and the court finds, as a matter of law, that the defendant *did* rescind said contract by virtue of her entering into a subsequent contract for sale of the same items of personal property that were the subject matter of the contract entered into between the plaintiff and the defendant on March 9, 1977. See 7 Fla. Jur., *Contracts,* Section 175.

That the law of this state provides that when one of the parties to a contract unjustifiably refuses to perform his agreement as a whole, or any substantial part of it, the other party has the option to rescind the entire contract, provided he or she offers to do so within a reasonable time, restores what he or she has received, and the situation of the parties remains unchanged. See *Ganaway v. Henderson,* 103 So.2d 693 (Fla. 1st DCA 1958).

That the law of this state further provides that a party having the right to rescind a contract and who, thereafter, does in fact rescind the contract must put the opposite party in status quo — he must return what he has received under the contract or, in other words, one may not accept the fruits of a contract and, at the same time renounce or repudiate the burdens which that contract places upon him. Further, a contract cannot be rescinded where it is impossible to restore the parties to their original position. See 7 Fla. Jur., *Contracts,* Section 182.

That the defendant, Geraldine Lakowski, not only received $1,000 from the plaintiff, James Williams, but, thereafter, received $10,000 for the sale of the same personal property referred to above on or about May 10, 1977.

That by virtue of the action on the part of the defendant the court concludes as a matter of law that the defendant rescinded the contract originally entered into by and between the parties on March 9, 1977.

That although the defendant had the legal right to rescind said contract by virtue of the plaintiff's failure to comply with an express condition to said contract the defendant is not entitled to retain the down payment previously received by her.

That the defendant has money in her hands belonging to the plaintiff which in equity and good conscience and to avoid unjust enrichment she should pay over to the plaintiff. See *Moore Handly, Inc. v. Major Realty Corp.,* 340 So.2d 1238 (Fla. 4th DCA 1976).

Based on all of the aforesaid, therefore, it is ordered and adjudged that the plaintiff, James Williams, do have and recover from the defendant, Geraldine Lakowski, the amount of $1,000, plus court costs in the amount of $25.50, for which let execution

issue; it is further ordered and adjudged that the defendant, Geraldine Lakowski, recover nothing from the plaintiff, James Williams, on her counterclaim.