ORFINGER, Judge.
This is a Petition for Writ of Habeas Corpus wherein the Petitioner requests that this court set reasonable bail pending her re-trial on a charge of first degree murder.
Petitioner was indicted for first degree murder and held for trial without bail. After four days of deliberation, the trial jury could not reach a verdict, so on November 10, 1979, the trial judge declared a mistrial and discharged the jury.- The case has been re-set for trial on January 21, 1980. Following the mistrial, Petitioner’s counsel filed in the trial court a motion for admission to bail which, at the time the Petition for Writ of Habeas Corpus was filed here, had not been heard. However, a supplement to the Petition was filed showing that the trial court heard and denied the motion.
In denying the motion for bail, the trial court found, among other things, that there was substantial evidence that defendant carefully planned to kill the victim; that there was evidence of inculpatory statements made by defendant; that defendant had filed a document alleging insolvency; that defendant had no known ties to Florida or the local community, but had her roots elsewhere, and that defendant would be a poor risk if allowed to go free on bail pending her re-trial. He concluded that the proof was evident and the presumption great that defendant was guilty of murder in the first degree as charged, and he thereupon denied bail.
Neither the defendant nor the State offered additional evidence at the bail hearing. The State said it relied on the evidence and proofs presented at the trial. The defense did not object to this procedure, and it did not present to this court a transcript of the trial. The defendant asserts that the fact of the mistrial because the jury could not agree is sufficient evidence that the proof of guilt is not evident and that the presumption of guilt is not great. She also asserts that the State has the burden of showing that the proof of guilt is evident and the presumption is great. We disagree with both positions.
Until adjudged guilty, all persons charged with a crime are entitled to release on reasonable bail unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great. Art. I, Sec. 14, Fla.Const. (Deck of Rights); Rule 3.130, Fla.R.Cr.P. Where charged with a capital or life felony, the defendant has the burden of showing that the proof of guilt is not evident or the presumption great. Larkin v. State, 51 So.2d 185 (Fla.1951); State ex rel. Loper v. Stack, 291 So.2d 207 (Fla. 4th DCA, 1974). The defendant does not carry that burden simply by showing that her first trial resulted in a mistrial; the mistrial is merely one of the many factors to be considered by the trial judge in determining whether bail should be granted. Nix v. McCallister, 202 So.2d 1 (Fla. 1st DCA, 1967).
There is an excellent discussion of the history of bail in capital cases to be found in Arthur v. Harper, 371 So.2d 96 (Fla. 4th DCA 1978). There the court also held that a defendant charged with a capital or life felony had the burden of showing that the proof of guilt was not evident or the presumption great, and that in the absence of such showing, he was not entitled to bail as a matter of right. The court went further, however, and for the first time in Florida, held that even where proof of guilt was evident or the presumption great, the trial court had the discretion to release a defend *178 ant charged with such crime on reasonable bail. It emphasized that such release should not be routinely granted, “. but rather a heavy burden should be placed upon the defendant to clearly demonstrate that he is entitled to bail despite the gravity of the offense and the nature of the punishment he faces.” We need not decide if we will go as far as the Arthur court, because the defendant offered no testimony at the bail hearing upon which the trial court could have exercised its discretion. Instead, she relied solely upon the mistrial, and as we have already noted, this was not sufficient. To the contrary, the trial court found factors which would have prevented it from exercising its discretion to grant bail (assuming such discretion exists). The defendant is insolvent. She has no ties to the community where the trial is to be held; and she would be a “poor risk” if allowed to go free on bail, pending her re-trial.
The trial court specifically found, based on the evidence and proofs presented at the trial, that the proof of guilt was evident and the presumption of guilt was great. The defendant has failed to demonstrate that these findings are erroneous. The petition for writ of habeas corpus is
DENIED.
UPCHURCH and SHARP, JJ., concur.