384 So.2d 927 (1980)
Luis MEDINA, Petitioner,
v.
Jack SANDSTROM, Director, Department of Corrections and Rehabilitation, Respondent.
No. 80-1212.
District Court of Appeal of Florida, Third District.
June 13, 1980.
Essen & Spiegel and Eric B. Feldman, Miami, for petitioner.
Janet Reno, State's Atty. and Stephen V. Rosin, Asst. State's Atty., for respondent.
Before HENDRY, NESBITT and DANIEL PEARSON, JJ.
PER CURIAM.
The petitioner, charged with crimes punishable by life imprisonment, was denied bail by the trial court upon a finding that the proof of guilt was evident and the presumption was great. See Article I § 14, Fla. Const.; Fla.R.Crim.P. 3.130(a). He thereafter petitioned this court to issue a writ of habeas corpus.
At the bail hearing held below, the trial judge considered, inter alia, evidence in the form of a sworn written statement of one of the victims taken by a police officer.[1] The petitioner objected to the trial judge considering this hearsay evidence. The trial judge candidly remarked:
"[I] do accept hearsay in bond hearings. I conduct them somewhat like probation hearings. Ordinarily, that testimony all by itself would not be able to establish the burden of proof, those kind of things, but I do accept it to corroborate things and matters like that."
The right of cross-examination is fundamental in a bail hearing. Stansel v. State, 297 So.2d 63 (Fla. 2d DCA 1974). A statement made to a police officer by a victim of the crime which is not subject to cross-examination is hearsay and cannot serve as a basis for denying bail. Primm v. State, 293 So.2d 725 (Fla. 2d DCA 1974). Compare James v. State, 241 So.2d 383 (Fla. 1970) (in which the prior statement of the victim taken at a preliminary hearing and subject to cross-examination by the defendant was held admissible). Where bond determinations have been made in part on the basis of hearsay testimony, we have struck the hearsay in reviewing the reasonableness of the bail. State ex rel. Bardina v. Sandstrom, 321 So.2d 630 (Fla. 3d DCA 1975). See also Rodriguez v. State, 305 So.2d 305 (Fla. 2d DCA 1974).
We cannot discern the extent to which the trial judge was influenced in his decision to deny bail by the wrongfully admitted hearsay evidence. We accordingly remand this cause with directions that the hearsay statement of the victim be stricken from the record and that the trial judge, after conducting such additional evidentiary hearing as he deems necessary, reconsider his order denying bail.
Remanded.
NOTES
[1] No statement was procured from the other victim.