409 So.2d 1212 (1982)
Bobby Lee KINSON, Petitioner,
v.
Dale CARSON, Sheriff of Duval County, Florida, Respondent.
Edwin Johnson, Petitioner,
v.
Dale CARSON, Sheriff of Duval County, Florida, Respondent.
Nos. AI-377, AI-378.
District Court of Appeal of Florida, First District.
February 19, 1982.
Louis O. Frost, Jr., Public Defender, and James L. Harrison, Jr., Asst. Public Defender, for petitioners.
Jim Smith, Atty. Gen., and Harry M. Hipler, Asst. Atty. Gen., for respondent.
PER CURIAM.
Petitioners' Motion for Bond was denied by the trial court upon its finding the proof evident or the presumption great that petitioners had committed the offense charged, armed robbery.
Article I, Section 14 of the Florida Constitution provides that every person charged with a crime shall be entitled to release on reasonable bail unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great. The question presented to this Court is whether the state can rely solely on affidavits to show that the proof of guilt is evident or the presumption is great.
The only evidence relating to the crime produced at petitioners' bond hearing was an affidavit of the victim and an affidavit of the arresting officer. Petitioners objected to the affidavits on the grounds that they were hearsay and petitioners were denied their right to cross examination. The Court overruled the objection, citing to State v. Arthur, 390 So.2d 717 (Fla. 1980), and pointed out that defendants were aware of the identity of the complaining party and the arresting officer and could have compelled their attendance at the hearing.
Petitioners argue that the right of cross examination is fundamental at a bond hearing, see Medina v. Sandstrom, 384 So.2d 927 (Fla. 3 DCA 1980), and that the court erred in admitting into evidence and considering the affidavits since they are inadmissible under the Florida Evidence Code. Petitioners also argue that even if hearsay is admissible at a bond hearing, it should be treated in the same manner as provided in probation revocation hearings where hearsay must be corroborated by competent evidence which is not hearsay.
Although we recognize that earlier decisions have indicated that hearsay evidence *1213 is not sufficient to show proof of guilt evident or the presumption great, see, e.g., Medina v. Sandstrom, supra; Primm v. State, 293 So.2d 725 (Fla. 2 DCA 1974); State ex rel. Loper v. Stack, 291 So.2d 207 (Fla. 4 DCA 1974), we think the Supreme Court resolved the issue before us in State v. Arthur, supra. In Arthur, the Supreme Court held, (1) that the trial court had discretion to admit a defendant to bail even though proof of his guilt was evident or the presumption great; and (2) that the state has the burden of establishing that proof of guilt is evident or the presumption great. However, in determining that the state had the burden of proof, the Supreme Court also specified the type of evidence the state could use to carry its burden.
Simply to present the indictment or information is not sufficient. The state's burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty. This is the predominant view among jurisdictions with similar constitutional provisions. Fountaine v. Mullen, 117 R.I. 262, 366 A.2d 1138 (1976). The state can probably carry this burden by presenting the evidence relied upon by the grand jury or the state attorney in charging the crime. This evidence may be presented in the form of transcripts or affidavits.
We find that the state carried its burden through the presentation of the affidavits and that the trial court did not abuse its discretion in denying bail. Therefore, the petition for writ of habeas corpus is
DENIED.
BOOTH, SHIVERS and JOANOS, JJ., concur.