914 So.2d 467 (2005)
Hector Miguel CASTRO, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D05-2998.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
*468 Robert Wesley, Public Defender, and Aramis N. Donell, Assistant Public Defender, Orlando, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Respondent.
MONACO, J.
The petitioner, Hector Miguel Castro, seeks habeas corpus relief based on the refusal of the trial court to set a bond. Although Mr. Castro argues that the quantum of evidence produced at the bond hearing was insufficient, we conclude for the reasons stated below that the trial court acted properly, and deny the petition.
Mr. Castro was charged by information with the offenses of burglary of a structure with an assault or battery, carrying a concealed weapon, resisting an officer without violence, and criminal mischief. The crime of burglary of a structure with an assault or battery upon any person is a felony punishable by imprisonment not exceeding life. See § 810.02(2)(a), Fla. Stat. (2005). The charges grew out of a confrontation at a store during which Mr. Castro, while carrying a kitchen knife, purportedly kicked in a glass panel, and attacked one of the persons within the structure. Mr. Castro filed a motion to set bond, and the State moved for pre-trial detention. Both motions were apparently heard at a single hearing.
In support of its position that no bond should be allowed the State offered two affidavits from the alleged victim of the crimes and a witness, the live testimony of the arresting officer, and the testimony of Mr. Castro concerning his background. The victim and witness affidavits established the elements of the burglary and the facts surrounding this charge. The arresting officer testified with respect to the elements of the charge of resisting an officer, as well as to the condition of the premises at which the alleged burglary occurred. In addition, he related that when he first made contact with the accused, he noted that Mr. Castro's leg was cut, and that he was carrying a long kitchen knife in a front pocket of his pants. Mr. Castro admitted during his testimony that he had been convicted of about forty crimes of various degrees of severity between 1980 and 2004, and that he had used numerous aliases in the past. At the conclusion of the hearing, the trial judge announced that he found "that the proof is evident and the presumption is great," and declined to set a monetary bond. Mr. Castro thereafter filed his habeas corpus petition.
Article I, section 14 of the Florida Constitution includes the following language:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be *469 entitled to pretrial release on reasonable conditions.
Mr. Castro argues that the State failed to show that his guilt is evident or that the presumption is great because the State used only the affidavits of the witness and the alleged victim to establish the various elements of the only offense with which he is charged that is punishable by life imprisonment. He posits that hearsay documents are insufficient for this purpose. We reject Mr. Castro's position for two reasons.
First, a review of the transcript reflects that some of the evidence associated with, and confirmatory of the charge of burglary of a structure with an assault or battery was provided by the live testimony of the investigating officer. He testified, for example, that a glass panel on the door of the structure that was the subject of the burglary was shattered and that Mr. Castro had a cut leg consistent with his kicking in the panel in the manner described by the alleged victims. Thus, the trial court relied on more than just the affidavits in arriving at his finding.
Secondly, the seminal case of State v. Arthur, 390 So.2d 717 (Fla.1980), indicates quite clearly that the State may use affidavits in meeting its burden of establishing that the proof of the guilt of the defendant is evident or the presumption great. After holding that it is the State's burden to come forward with the necessary showing when the accused seeks bail, our high court said:
Simply to present the indictment or information is not sufficient. The state's burden, in order to foreclose bail as a matter of right, is to present some further evidence which, viewed in the light most favorable to the state, would be legally sufficient to sustain a jury verdict of guilty. . . . The state can probably carry this burden by presenting the evidence relied upon by the grand jury or the state attorney in charging the crime. This evidence may be presented in the form of transcripts or affidavits. If, after considering the defendant's responsive showing, the court finds that the proof is evident or the presumption great, the court then has the discretion to grant or deny bail. On this issue, the burden is on the accused to demonstrate that release on bail is appropriate. It is with regard to this question that consideration of the likelihood that the accused will flee, regardless of the sureties required, becomes appropriate.
Id. at 720 (emphasis added). See also Kinson v. Carson, 409 So.2d 1212 (Fla. 1st DCA 1982), holding that the affidavit of the victim and the affidavit of the arresting officer were sufficient to demonstrate that the proof of guilt was evident and the presumption strong. The trial court was, therefore, authorized to rely on the affidavits presented by the State in denying the motion to set bond.
We suspect that some of the position articulated by Mr. Castro grows out of the differences between Rules 3.131(a) and 3.132(c), Florida Rules of Criminal Procedure, and the fact that the trial court apparently decided to hold a hearing to set bond, and a pretrial detention hearing at the same time. Rule 3.131(a) specifically addresses pretrial release and repeats the constitutional requirements requiring bail and its denial. Ordinarily, of course, the accused seeks the benefit of this rule. Rule 3.132, on the other hand, is based on section 907.041, Florida Statutes, and is concerned with pretrial detention. Obviously, Rule 3.132 is generally put into play by the State. Subparagraph (c) of the latter rule authorizes the receipt of hearsay evidence at a hearing on pretrial detention, but indicates that, "A final order of pretrial detention shall not be based *470 exclusively on hearsay evidence." See Azadi v. Spears, 826 So.2d 1020 (Fla. 3d DCA 2001). That language, however, is not found within Rule 3.131. We note that what the trial judge finally ruled on was apparently the motion to set bond. The finding that he made concerning the evident nature of the proof of guilt and the strength of the presumption invokes only Rule 3.131, and not Rule 3.132.
Mr. Castro argues essentially that the rule applicable to pretrial detention should also apply to pretrial release. Arthur says otherwise, and the rules are distinct. We decline to stir the two rules together. Each rule has a separate purpose and procedure, and they should not be mixed.
PETITION DENIED.
PLEUS, C.J., and SHARP, W., J., concur.