PER CURIAM.
On April 3, 1963, petitioner, Alfred Wittcop, filed in this court his petition for writ of habeas corpus alleging illegal detention by the respondent. At the time, he was and still is serving two concurrent sen *636 tences imposed by the Circuit Court of Pinellas County for two offenses to which he plead guilty, each sentence being for a term of six months to five years.
On April 1, 1963, the Supreme Court of Florida had adopted and promulgated Criminal Procedure Rule No. 1, 31 F.S.A. delineating the procedure and remedy applicable to the situation here. 151 So.2d 634. In its pertinent aspects, the rule provides :
“A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.”
and further specifies:
“An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.”
After careful examination of the petition, we find that this applicant has failed to apply for relief by motion to the sentencing court, pursuant to the provisions of the rule above quoted. Thus it cannot be said that petitioner has been denied relief by that court, since his petition does not show that he applied for it. Rule 1 specifies that a motion for relief as provided for in the quoted excerpts may be made at any time. Thus, the course which petitioner should follow has been mapped by the newly adopted rule. Since it appears that petitioner’s remedy by motion is adequate and effective to test the legality of his detention, the application for the writ of habeas corpus cannot be entertained. It is so ordered.
SHANNON, C. J., and KANNER and SMITH, JJ., concur.