151 So.2d 825 (1963)
Jetson ROY, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 32604.
Supreme Court of Florida.
April 10, 1963.
Jetson Roy, in Proper Person, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
*826 THORNAL, Justice.
By a post-conviction application for a writ of habeas corpus the petitioner seeks release from the State prison because of an alleged denial of assistance of counsel at his trial.
We are called upon to consider a claimed deprivation of due process implicit in the petitioner's conviction.
We have before us only the bare allegations of the petitioner.
Roy alleges that in 1945 he was convicted of the crimes of breaking and entering, assault, and attempt to commit rape. He was sentenced to life imprisonment. He admits the crimes of breaking and entering, and assault. He denies the crime of attempt to commit rape. He alleges that following his apprehension he was physically abused by the arresting officer and was threatened with further physical violence if he failed to plead guilty. He claims that he was not represented by counsel at his trial. He asserts that if he had received the benefit of such representation he would not have pled guilty to and therefore he would not have been convicted of the serious crime of attempt to commit rape. At all events he alleges that the sentence is in excess of the maximum authorized by law. We are now requested to issue a writ of habeas corpus to test the validity of the conviction and subsequent sentence to life imprisonment. The petition is grounded on the alleged excessive sentence and on a claimed deprivation of counsel in violation of the Sixth Amendment, Constitution of the United States, and Section 11, Declaration of Rights, Florida Constitution, F.S.A.
The prison-drafted petition, which is extremely difficult to read, is defective in certain particulars. For example, it fails to allege that at the time of his trial the petitioner was indigent and unable to employ his own attorney. If an accused is able to employ his own counsel, he is not entitled to court-appointed assistance. Prior to March 17, 1962, this Court followed the decision of the Supreme Court of the United States in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, when considering a claimed denial of due process because of the State's failure to supply counsel in non-capital cases. Under that decision, in non-capital cases, the failure of a state court to furnish counsel for an indigent defendant was not necessarily fatal to his conviction when measured by the standards of federal due process. In addition to indigency, the accused was required to demonstrate that he could not obtain a fair trial without the assistance of counsel because of the gravity of the offense, the complexities of the issues, his immaturity, his lack of education, or because of mental incapacity or because his inexperience with legal processes made it impossible for him to defend himself. This was the holding in Betts v. Brady, supra. It governed state courts for approximately twenty-one years following its announcement in 1942. This Court and the trial courts of Florida conscientiously undertook to follow the rule.
By its recent decision in Gideon v. Wainwright, 371 U.S. 335, 83 S.Ct. 792, the Supreme Court of the United States expressly receded from its prior decision in Betts v. Brady, supra. As we read Gideon, the rule now simply is that the Sixth Amendment's guarantee of counsel is one of the fundamental rights essential to a fair trial. It has become a limitation on state action under the due process clause of the Fourteenth Amendment, Constitution of the United States.
When confronted by the impact of the Gideon decision this Court became immediately concerned over the procedural facilities available to state prisoners who might have belatedly acquired rights which were not recognized at the time of their conviction. When Gideon was announced, the only practicable procedures available in Florida for a post conviction assault upon a judgment were by hapeas corpus, or writ of error coram nobis. On September 15, 1962, the Florida Judicial Council instituted *827 a study of post-conviction remedies and the advisability of establishing some expeditious method of disposing of post-conviction claims of deprivation of organic rights which occurred at trial. At its meeting on October 27, 1962, the Council specifically recommended the adoption of a rule or the enactment of a statute which would facilitate and expedite the handling of post-conviction claims.
The Division of Corrections reports that as of June 30, 1962, there were approximately 8,000 State prisoners in custody. Of this group 4,065 entered pleas of guilty without the benefit of counsel. Four hundred, seventy-seven (477) entered pleas of not guilty but were convicted without benefit of counsel. The announcement of the decision in Gideon made it obvious that a substantial number of prisoners would seek release or new trials because of this recently recognized constitutional privilege. This has become evident from a contrast of statistics before and after the Gideon decision. In 1962 this Court received 304 petitions for habeas corpus. Practically all of these were from allegedly indigent convicts in the State prison. Between January 1 and March 17, 1963, we received 82 such petitions. Between March 18, 1963, the date of Gideon, and April 5, 1963, we received 119 such petitions. This experience has served principally to suggest the essentiality of establishing a simplified, expeditious and efficient post-conviction procedure. We deem this important to the prisoner seeking relief, as well as to the public interest in the proper enforcement of the criminal laws. For many reasons, too numerous to enumerate at this time, many of these prisoners will not be entitled to post-conviction relief. Some will be.
In recognition of these concerns and in an effort to make adequate provision for the effective administration of justice, this Court took cognizance of its rule-making authority under Article V, Section 3, Florida Constitution. Pursuant to this authority we adopted and made effective on April 1, 1963, Criminal Procedure Rule No. 1, 31 F.S.A., which is as follows:
"CRIMINAL PROCEDURE RULE NO. 1.
"A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
"A motion for such relief may be made at any time.
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting attorney of the court, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

*828 "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
"An appeal may be taken to the appropriate appellate court from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.
"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
"This rule shall not apply to municipal courts.
"The foregoing rule shall become effective upon the filing of this order."
The quoted rule is copied almost verbatim after a federal statute which has been in effect since June 25, 1948. The language of the rule is identical with the language of the federal act except where changes were necessary to adapt the statute to the Florida courts. The federal act is cited as 28 U.S.C.A. § 2255. This statute has been consistently followed in the federal courts for almost fifteen years. A comprehensive annotation of the federal cases will be found following 28 U.S.C.A. § 2255. The constitutionality of the statute has been expressly upheld. United States v. Anselmi, 3 Cir., 207 F.2d 312, cert. den., 347 U.S. 902, 74 S.Ct. 430, 98 L.Ed. 1061; Martin v. Hiatt, 5 Cir., 174 F.2d 350; Madigan v. Wells, 224 F.2d 577, cert. den., 351 U.S. 911, 76 S.Ct. 700, 100 L.Ed. 1446.
The quoted rule was promulgated to establish an effective procedure in the courts best equipped to adjudicate the rights of those originally tried in those courts. Appeals may then be taken direct to this court in those cases where the judgment on the post-conviction motion is such that it comes here under Article V, Section 4, Florida Constitution. Otherwise, appeals shall be taken to the appropriate District Court of Appeal. Appeal time shall be that governing criminal appeals
A helpful discussion of the background of the federal statute, which was the model for our rule, is presented by the opinion of the Supreme Court of the United States, in United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Many of the reasons justifying the federal statute, as revealed by the cited opinion, are equally appropriate in justification of the Florida rule. An additional helpful analysis of the federal act will be found in Barron & Holtzoff Federal Practice and Procedure, Volume IV, Section 2306. The federal statute is in some measure implemented by Federal Criminal Rule 35.
We have supplied references to federal precedents and authorities as a guide to the proper application and interpretation of the Florida Rule.
The rule is intended to provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack. By way of advice to those who employ the rule, it is essential that motions should at least be legible. Preferably, they should be printed or typed. Experience has taught that many petitions out of the State prison are almost totally unreadable. Because of the nature of the remedy and the fact that these documents are prepared in prison, we have in the past extended broad latitude in compliance with requirements as to form and detail. However, a motion under the rule should set out the factual basis which is alleged in support of the relief sought. It should allege also whether any prior similar motion has been filed, the court where filed, and the disposition thereof. The factual allegations *829 should be supported by oath as to their truth. A motion for relief under the rule should be filed with the clerk of the court where the conviction occurred.
The trial judge who considers such a motion has some discretion under the rule to determine whether the presence of the defendant is required. If there are factual issues which require the submission of testimony, it would be appropriate for the petitioner to be present at the hearing. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417. If the petition can be disposed of on the basis of the record, the trial judge would be justified in exercising his discretion to decide the matter without the presence of the defendant. United States v. Hayman, supra; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Barrett v. Hunter, 180 F.2d 510, 20 A.L.R.2d 965, annotation p. 976.
This Court realizes that the promulgation of the foregoing rule will add cases to the dockets of some of the trial courts. The fact remains that it appears to be the most satisfactory method of handling an otherwise critical problem in the administration of justice. For a timely and extremely helpful discussion of the subject see, "Processing a Motion Attacking Sentence Under Section 2255 of the Judicial Code," University of Pennsylvania Law Review, Vol. III, p. 788, April 1963.
The relief sought by the instant petition could be accomplished under the quoted rule upon a proper showing of entitlement to such relief. Wittcop v. Wainwright, (Fla.App. 2) 151 So.2d 635. The petition, therefore is denied but without prejudice to any rights which the petitioner might have to proceed in accordance with the provisions of Criminal Procedure Rule Number 1.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, DREW, O'CONNELL and CALDWELL, JJ., concur.