523 So.2d 639 (1988)
STATE of Florida, Appellant,
v.
Anthony W. BROOM, Appellee.
No. 87-2366.
District Court of Appeal of Florida, Second District.
March 4, 1988.
Rehearing Denied March 22, 1988.
*640 Robert A. Butterworth, Atty. Gen., Tallahassee, and Kim W. Munch, Asst. Atty. Gen., Tampa, for appellant.
Bruce G. Howie of Tanney, Forde, Donahey, Eno & Tanney, P.A., Clearwater, for appellee.
PER CURIAM.
The state appeals an order granting a petition for writ of habeas corpus and ordering that appellee be retried within 120 days or be released from custody. We reverse.
Following a jury trial in Polk County Circuit Court, appellee was found guilty of second-degree murder and sentenced to life imprisonment. He appealed his conviction to this court, and the judgment and sentence were affirmed. Broom v. State, 422 So.2d 848 (Fla. 2d DCA 1982). In 1985, appellee filed a Rule 3.850 motion to vacate in Polk County Circuit Court. The motion and an amendment thereto were subsequently denied, and appellee appealed the denial to this court. This court affirmed. Broom v. State, 487 So.2d 298 (Fla. 2d DCA 1986). Appellee filed another motion to vacate in Polk County Circuit Court in 1986. This motion was denied, and appellee appealed to this court, which affirmed the denial. Broom v. State, 504 So.2d 531 (Fla. 2d DCA 1987).
Subsequently, appellee was transferred to an institution in Pinellas County. Thereafter, he filed a petition for writ of habeas corpus in Pinellas County Circuit Court and an amendment thereto, all of which challenged the legality of the Polk County judgment. The petition was at first denied by the Pinellas County circuit judge; but on rehearing, the petition for writ of habeas corpus was granted, and the state filed this appeal.
Prior to the adoption of Criminal Procedure Rule No. 1 (now Florida Rule of Criminal Procedure 3.850, hereinafter referred to as "Rule 3"), the proper procedure for collaterally attacking a judgment and sentence in Florida, post-judgment and postappeal, was by filing a petition for writ of habeas corpus in the county in which the petitioner was incarcerated. However, because of the flood of habeas petitions stemming from the retroactive application of the decision of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), the Florida Supreme Court adopted Rule 3 effective April 1, 1963. See Roy v. Wainwright, 151 So.2d 825 (Fla. 1963). The venue for Rule 3 motions, as provided in the rule, is the same court which imposed the judgment or sentence which is being collaterally attacked. Thus, the adoption of *641 Rule 3 tended to relieve the circuit courts where the major prisons were located from this burden. Also, as the opinion in Roy indicates, the trial court where petitioner was tried is "best equipped" to adjudicate the rights of that petitioner.
Rule 3 contains the following reference to habeas corpus:
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
Appellee argues that the Pinellas County circuit judge herein had authority to discharge him from his Polk County judgment and sentence pursuant to habeas corpus because the Rule 3 motions filed in Polk County were inadequate. He alleges that the court never reached the merits of his second rule 3 motion, but denied his motion based on the fact that one of his points had been raised in his first motion and the other points should have been raised at that time. Appellee disputes the correctness of the trial judge's conclusion that the second Rule 3 motion was an abuse of process and the summary denial thereof.
We think that the proper method to challenge a Rule 3 order, whether or not summarily denied, is by appeal and not by filing a habeas corpus petition. See Darden v. Wainwright, 236 So.2d 139 (Fla. 2d DCA 1970). In fact, as stated above, appellee did appeal the denial of his second Rule 3 motion and this court affirmed. Appellee may not get a "third opinion" by filing a petition for writ of habeas corpus in another circuit.
There are two fundamental defects in the order appealed. First, a circuit court has no jurisdiction to review the legality of a conviction in another circuit and to order a new trial therefor. See State ex rel. Renaldi v. Sandstrom, 276 So.2d 109 (Fla. 3d DCA 1973). Second, habeas may not be used to collaterally attack the conviction, even in the same county where petitioner was tried. We believe the abovequoted language in Rule 3 concerning habeas corpus means that Rule 3 has completely superseded habeas corpus as the means of collateral attack of a judgment and sentence in Florida. As stated in Roy, decided shortly after the adoption of the rule, "(t)he rule is intended to provide a complete and efficacious post-conviction remedy to correct convictions on any grounds which subject them to collateral attack."
When Rule 3 states that habeas may still be used if Rule 3 is "inadequate or ineffective" to test the legality of detention, it does not mean in areas in which Rule 3 is applicable (collateral attack of the judgment or sentence). Rather, habeas is still viable in areas in which Rule 3 does not apply at all because those matters do not involve a collateral attack of the judgment and sentence, such as: (1) to attack computations of gain time and other determinations of the parole and probation commission, see Lowe v. Fla. Parole & Probation Comm'n, 416 So.2d 470 (Fla. 2d DCA 1982); (2) to test pretrial detention and the denial of pretrial bond or excessive pretrial bond, see State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla. 1971); Medina v. Sandstrom, 384 So.2d 927 (Fla. 3d DCA 1980); (3) to determine the right to a delayed appeal, see Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969); (4) to challenge extradition, see State v. Cox, 306 So.2d 156 (Fla. 2d DCA 1974); and (5) to challenge the effectiveness of appellate counsel in a previous appeal, see Middleton v. State, 465 So.2d 1218 (Fla. 1985). Rule 3 is not available to collaterally attack the above matters, which do not go to the validity of the judgment and sentence.
We reject appellee's constitutional argument that this interpretation constitutes a suspension of the writ of habeas corpus. The enactment of Rule 3 merely provided a substitute remedy in place of habeas corpus in its former role as a vehicle to collaterally attack a judgment and sentence in *642 Florida. To allow habeas corpus as a means of review of a conviction after direct appeal and subsequent to Rule 3 collateral attack and appeal therefrom would take away any measure of finality in criminal judgments and would be contrary to the intent of Rule 3.
We therefore reverse the order granting petition for writ of habeas corpus.
SCHEB, Acting C.J., and CAMPBELL and HALL, JJ., concur.