827 So.2d 1054 (2002)
Mark S. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-233.
District Court of Appeal of Florida, Second District.
October 11, 2002.
Linda Luce, Hialeah, for Appellant.
*1055 SALCINES, Judge.
Mark Brown appeals the summary denial of his third motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] For the reasons expressed below, we affirm.
In 1980, Brown was convicted of burglary and grand theft. Subsequently, in 1995, Brown was convicted of capital felony sexual battery. In the rule 3.850 motion which is the subject of this appeal, Brown asserted that the judge, who presided over his trial in the 1995 case, had previously represented him as an assistant public defender in the 1980 case by filing two post-trial motions. At no time during the 1995 case did Brown request his trial counsel to file a motion to disqualify the judge. When the 1995 case went to trial, the jury convicted Brown as charged, and the judge sentenced Brown to the statutorily required sentence of life in prison with no possibility of parole for twenty-five years. Brown appealed the judgment and sentence, and this court affirmed without opinion. See Brown v. State, 678 So.2d 1291 (Fla. 2d DCA 1996).
In the rule 3.850 motion which is the subject of this appeal, Brown maintained that the judge was biased in the handling of the 1995 case because Brown had, through written correspondence, forcefully expressed displeasure with his representation in the 1980 case. Brown also claimed that the judge should have recused himself. Brown asserted that he did not remember, at the time of the 1995 trial, that he had been represented by that particular assistant public defender and had only discovered that information at a later date. Finally, Brown claimed that his trial counsel in the 1995 case was ineffective for failing to discover that the judge had previously represented Brown and for failing to timely file a motion to disqualify the judge.
This rule 3.850 motion was properly summarily denied because it was untimely. According to rule 3.850(b), no motion shall be filed or considered pursuant to the rule if filed more than two years after the judgment and sentence have become final. Since Brown did not seek further appellate review of this court's affirmance in his direct appeal, the judgment became final upon the issuance of this court's mandate in 1996. Thus, by 2001 it was clearly too late for Brown to file any rule 3.850 motions attacking the judgment and sentence, unless the motion was based either on newly discovered evidence or on a recent decision of the Florida Supreme Court or the United States Supreme Court which had been given retroactive application. Brown's claims were not based on recent Florida or United States Supreme Court decisions.
Brown asserted that his claims were based on newly discovered evidence. However, the facts alleged by Brown to justify his claims did not qualify as newly discovered evidence. Newly discovered evidence consists of facts unknown to the movant or the movant's attorney which could not have been ascertained by the exercise of due diligence. See Fla. R.Crim. P. 3.850(b)(1). Before the two-year time period in which to file a timely *1056 rule 3.850 motion had expired, Brown knew or should have known that his 1995 trial judge had represented him in a prior case.
We note that even if this motion had been timely, Brown demonstrated no prejudice which resulted from the trial judge presiding at his 1995 trial for sexual battery. Even if the trial judge had remembered Brown, Brown has not made a sufficient showing of personal bias or prejudice against that judge to warrant relief. See 5-H Corp. v. Padovano, 708 So.2d 244 (Fla.1997). Under the rationale of 5-H Corp., the argument made by Brown, that his known displeasure with the assistant public defender's representation fifteen years earlier resulted in the trial judge's bias, is speculative, attenuated, and too fanciful to warrant relief. Further, the trial judge had no discretion at sentencing on Brown's sexual battery conviction, since section 775.082(1), Florida Statutes (1993), required the imposition of a sentence of life in prison with no possibility of parole for twenty-five years. Likewise, since Brown never alerted his trial counsel in the 1995 sexual battery case to the prior representation of Brown by the trial judge and there was no reason for trial counsel to discover this, trial counsel cannot be ineffective for failing to file a timely motion to disqualify the trial judge.
Affirmed.
FULMER and DAVIS, JJ., concur.
NOTES
[1] In 1998, Brown filed his first rule 3.850 motion. See Brown v. State, 763 So.2d 322 (Fla. 2d DCA 2000). In 2001, Brown filed this rule 3.850 motion. Between the filing of his first rule 3.850 motion and this motion, Brown also filed a petition for a writ of error coram nobis which the trial court treated as a rule 3.850 motion and dismissed. On appeal of that dismissal, this court affirmed with an opinion which indicated that Brown could seek a renewed rule 3.850 motion raising the same grounds because the petition had been misplaced by the clerk of the circuit court and therefore could not be reviewed. See Brown v. State, 790 So.2d 1133 (Fla. 2d DCA 2001).