JESUS VAZQUEZ, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D04-4411.
District Court of Appeal of Florida, Fourth District.
February 14, 2007.
Jesus Vazquez, Immokalee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant, Jesus Vazquez, was charged with and found guilty by a jury of two counts of attempted murder with a firearm, one count of aggravated stalking, and one count of burglary while armed with a dangerous weapon. Appellant raises two issues on appeal. Initially, he argues that the trial court erred by failing to conduct an adequate Nelson[1] inquiry on his pretrial motions to discharge his court-appointed counsel. We affirm as to this issue without discussion.
As his second issue, appellant argues that the trial court's decision to allow the State to amend the aggravated stalking count in the information to include events occurring on November 18 and 19, 2002, violated double jeopardy. Appellant argues this violated double jeopardy because his actions on those dates, consisting of harassing telephone calls, formed the basis of a stalking charge for which he had already been charged, convicted, and sentenced. We agree.
The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause of the Florida Constitution provides that "[n]o person shall be . . . twice put in jeopardy for the same offense." Art. I, § 9, FLA. CONST. "Under the Blockburger test, separate convictions for different offenses arising from a single act are permissible where each separate offense contains an element that the other lacks." Gresham v. State, 725 So. 2d 419, 420 (Fla. 4th DCA 1999)(citing Blockburger v. United States, 284 U.S. 299 (1932)). The Blockburger test is set forth at section 775.021(4)(a), Florida Statutes (2002), which provides that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."
The State argues in opposition that "simple" stalking and aggravated stalking each contain one element that the other does not and so are different under the Blockburger test. An analysis of the offenses under Blockburger reveals that appellant is correct.
Stalking, as defined in section 784.048(2), Florida Statutes (2002), is committed when a person "willfully, maliciously, and repeatedly follows or harasses another person." Aggravated stalking, as defined by section 784.048(4), Florida Statutes (2002), is committed by "[a]ny person who, after an injunction for protection against repeat violence or dating violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person . . . ."
The State notes that the felony charge contains the additional requirement that the conduct occur after an injunction is issued. To prove stalking, the State had to show the conduct described in the statute above. To prove aggravated stalking, the State had to show the same conduct plus knowledge of the injunction. If stalking equals certain conduct, aggravated stalking equals that certain conduct plus the injunction element. The two are not separate offenses under the Blockburger test because stalking does not contain an element that aggravated stalking does not. Stalking is a category one lesser included offense of aggravated stalking and was included as such on the jury verdict form in this case. See Brown v. Ohio, 432 U.S. 161, 168-69 (1977)(holding auto theft conviction after prior conviction for lesser included offense of joyriding violated double jeopardy because "[w]hatever the sequence may be, Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense"); see also Ashman v. State, 886 So. 2d 1079 (Fla. 5th DCA 2004)(reversing appellant's conviction for kidnapping on double jeopardy grounds where appellant had previously been tried and convicted of the greater offense of armed kidnapping in another county based on same actions); Fla. Std. Jury Instr. (Crim.) 8.6 & 8.7(b) (4th ed. 2002).
The record in this case shows that the two convictions rest upon the same factual basis. The charging document for the simple stalking charge on which appellant was previously convicted alleges that on November 18 and 19, 2002, appellant "repeatedly telephone [sic], harassed, and threatened Ms. Atencio." The information charging appellant with aggravated stalking, as amended, alleges that "between 11-16-02 and 12-4-02" appellant "did knowingly, willfully, maliciously, and repeatedly follow or harass another person, to-wit: Ysamis Atencio after an injunction for protection." Atencio and her daughter testified at trial about the harassing phone calls made by appellant on November 18 and 19, 2002. Those calls, upon which the simple stalking charge was based, were used by the prosecution at trial in this case to prove the aggravated stalking charge. Appellant was therefore convicted of stalking and later aggravated stalking based on the same actions.
Based on the foregoing, we vacate appellant's conviction for aggravated stalking and remand to the trial court for resentencing.
Affirmed in part; Reversed in part, and Remanded.
STEVENSON, C.J., and KLEIN, J., concur.
Not final until disposition of timely filed motion for rehearing.
NOTES
[1] Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).