965 So.2d 318 (2007)
Luis VALDEZ-GARCIA, a/k/a Luis Garcia-Valdez, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2441.
District Court of Appeal of Florida, Second District.
September 19, 2007.
*319 Luis Valdez-Garcia, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Luis Valdez-Garcia, a/k/a Luis Garcia-Valdez, appeals an order dismissing his petition for a writ of habeas corpus for lack of jurisdiction. Mr. Garcia filed his petition in the circuit court of the county in which he was convicted rather than the circuit court of the county in which he was incarcerated. We affirm.
The circuit court correctly determined that it did not have jurisdiction to treat the petition as a petition for a writ of habeas corpus. However, to the extent the claims in the petition sought to collaterally attack Mr. Valdez-Garcia's judgment, the petition should have been treated as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Curtis v. State, 870 So.2d 186, 186 (Fla. 2d DCA 2004); Harris v. State, 789 So.2d 1114, 1115 (Fla. 1st DCA 2001). Nevertheless, we affirm because any such motion was untimely and procedurally barred. Further, the circuit court was not required to transfer this petition to a circuit court with jurisdiction over the habeas petition because it did not allege any entitlement to relief that could have been provided by such a court.
We write to emphasize that a defendant rarely, if ever, has a lawful basis to file a postconviction petition for habeas corpus in the circuit court of the county where he was convicted, unless it is also the circuit court of the county where the prisoner is detained. Since 1879, Florida's habeas corpus law has provided that petitions for habeas corpus shall be filed only in the circuit court of the county where a prisoner is detained. Ch. 3129, § 8, Laws of Fla. (1879). When an imprisoned defendant wishes to collaterally attack his judgment or sentence in the circuit court of the county where he was convicted, the proper procedure is to file a motion for postconviction relief under rule 3.850.
On May 24, 2001, Mr. Valdez-Garcia attacked his girlfriend with a knife in Tampa, Florida. As a result, he was convicted of attempted murder, armed burglary of a dwelling, aggravated assault, and battery in the circuit court of the Thirteenth Judicial Circuit in April 2002.
Mr. Valdez-Garcia appealed his judgments and sentences to this court. In that appeal, he argued that the trial court should have conducted a competency evaluation prior to trial and that he was absent without a valid waiver during critical stages of his trial. This court affirmed his judgments and sentences in 2003 without a written opinion and issued mandate on March 21, 2003. See Garcia-Valdez v. State, 840 So.2d 234 (Fla. 2d DCA 2003).
It does not appear that he filed any postconviction proceedings during the two-year period following the issuance of our mandate. Therefore, after March 21, 2005, any rule 3.850 motion attacking Mr. Valdez-Garcia's convictions would be untimely, unless the motion was based either on newly discovered evidence or on a recent decision of the United States Supreme Court or of the Florida Supreme Court given retroactive application. See Brown v. State, 827 So.2d 1054, 1055 (Fla. 2d DCA 2002).
*320 In March 2006, Mr. Valdez-Garcia filed this petition for habeas corpus in the circuit court of the Thirteenth Judicial Circuit. The petition did not challenge the conditions of his confinement, such as the right to immediate release, but it instead challenged the correctness of his convictions based on issues similar to those raised in his direct appeal. He claimed that his convictions were invalid because he was not competent to stand trial, his trial counsel was ineffective, and his limited ability to speak English prevented him from meaningful participation in the trial. Despite some of these being issues cognizable in a rule 3.850 motion, he did not allege any exception to the two-year timeliness requirement. See Fla. R. Crim. P. 3.850(b). The circuit court dismissed this petition for lack of jurisdiction because Mr. Valdez-Garcia was incarcerated in Zephyrhills, Florida, in a facility outside the territorial jurisdiction of the Thirteenth Judicial Circuit.
The writ of habeas corpus is an ancient writ with its origins dating as early as the Magna Carta in 1215. See William Blackstone, 3 Commentaries on the Laws of England *133. The modern writ dates to the British Habeas Corpus Act of 1679 and has been consistently used as a method to obtain jurisdiction over a jailor or other person who is illegally detaining a person so that a court may order the release of the person illegally detained. See 28 Fla. Jur. Habeas Corpus and Postconviction Remedies § 1 (2007); Allison v. Baker, 152 Fla. 274, 11 So.2d 578, 579 (1943).
Some of Florida's oldest laws create the procedures for writs of habeas corpus. Before Florida's statehood, the Legislative Council of the Territory of Florida enacted directions for the mode of suing and prosecuting the writ.[1]See Act of September 16, 1822, § 1-11. The right is also secured by the United States Constitution and the State of Florida Constitution. U.S. Const. art. I, § 9; art. I, § 13, Fla. Const. In 1879, these statutes were amended to specify that in cases before the circuit court, the petition for writ of habeas corpus "shall be filed with the Clerk of the Circuit Court of the county in which the prisoner is detained." See ch. 3129, § 8. This provision remains unchanged today as section 79.09, Florida Statutes (2006).
Because the writ is designed to obtain power over the jailor to order the release of the prisoner, it does not function well as a method to review the legal correctness of a criminal judgment. The court or the judge that issued the judgment is not a necessary party to the proceeding and is usually uninvolved in the case. In part because a petition for habeas corpus must be filed with the clerk of the circuit court of the county where the prisoner is detained, that court's scope of review over the criminal judgment is not a broad review of all collateral issues but a narrow review to determine "whether the court that entered the order was without jurisdiction to do so or whether the order is void or illegal." See Alachua Reg'l Juvenile Detention Ctr. v. T.O., 684 So.2d 814, 816 (Fla.1996).
These limitations help explain why the Florida Supreme Court promulgated rules to collaterally attack a conviction. In the wake of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), many state prisoners belatedly acquired constitutional rights which were not recognized at the time of their conviction. See Roy v. Wainwright, 151 So.2d 825, 826 (1963). At that time, the writ of habeas corpus was the only available method to attack these convictions. Id. The circuit courts in the counties where the prisoners *321 were incarcerated faced a flood of petitions over which they could only exercise a limited scope of review. In response to a recommendation by the Florida Judicial Council, the Florida Supreme Court utilized its rulemaking authority to promulgate Criminal Procedure Rule 1, which is now known as rule 3.850. Id. at 827 (citing art. V, § 3, Fla. Const.). The rule created a better method for collateral review of claims attacking a conviction in the court that tried the criminal case, thus replacing the use of the writ of habeas corpus for most of these types of claims.
Though prisoners filing habeas petitions in the circuit court are subject to the jurisdictional requirement of section 79.09, there is no counterpart to that statute for petitions seeking habeas corpus relief from the district courts of appeal or from the supreme court. Both of these courts have jurisdiction to hear such petitions. Art. V, §§ 3(b)(9), 4(b)(3), Fla. Const. Because the supreme court has statewide jurisdiction, this is not a troublesome issue for that court. However, for the district courts of appeal the absence of such a statute initially created a degree of confusion. In T.O. and Murray v. Regier, 872 So.2d 217 (Fla.2002), the supreme court created rules governing the district courts that are comparable to the policy established in section 79.09. This case law, however, inadvertently contributed to the confusion described in the next paragraph.
In explaining the limited scope of review conducted by a court with jurisdiction over a petition for writ of habeas corpus, the case law has sometimes explained through negative inferences that the circuit court issuing the judgment had a broader scope of review in collateral proceedings challenging the judgment. Over time, this explanation has transformed itself into the apparent recognition of "an exception to this general rule," suggesting that a petition for writ of habeas corpus could be filed in the circuit in which the judgment was entered as a method to challenge collaterally the criminal judgment on broader grounds. Collins v. State, 859 So.2d 1244, 1245 (Fla. 5th DCA 2003) (citing Sheriff v. Moore, 781 So.2d 1146 (Fla. 1st DCA 2001)); McLevy v. State, 787 So.2d 194 (Fla. 1st DCA 2001); McLeroy v. State, 704 So.2d 151 (Fla. 5th DCA 1997); Leichtman v. Singletary, 674 So.2d 889 (Fla. 4th DCA 1996); see also Frederick v. State, 714 So.2d 1043, 1043 (Fla. 4th DCA 1998) (stating "[h]abeas petitions directed to trial issues must be brought in the circuit court of the county where the trial occurred").[2]
Some of these cases cite to this court's opinion in State v. Broom, 523 So.2d 639, 640 (Fla. 2d DCA 1988). We conclude that those courts have misread our opinion in Broom, which was intended to explain the limited role of habeas corpus after the creation of rule 3.850. In Broom, this court discussed the limited topics that appeared still viable for habeas review at that time. We stated:
When Rule 3 states that habeas may still be used if Rule 3 is "inadequate or ineffective" to test the legality of detention, it does not mean in areas in which Rule 3 is applicable (collateral attack of the judgment or sentence). Rather, habeas is still viable in areas in which Rule 3 does not apply at all because those matters do not involve a collateral attack *322 of the judgment and sentence, such as: (1) to attack computations of gain time and other determinations of the parole and probation commission, see Lowe v. Fla. Parole & Probation Comm'n, 416 So.2d 470 (Fla. 2d DCA 1982); (2) to test pretrial detention and the denial of pretrial bond or excessive pretrial bond, see State ex rel. Hanks v. Goodman, 253 So.2d 129 (Fla.1971); Medina v. Sandstrom, 384 So.2d 927 (Fla. 3d DCA 1980); (3) to determine the right to a delayed appeal, see Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); (4) to challenge extradition, see State v. Cox, 306 So.2d 156 (Fla. 2d DCA 1974); and (5) to challenge the effectiveness of appellate counsel in a previous appeal, see Middleton v. State, 465 So.2d 1218 (Fla. 1985). Rule 3 is not available to collaterally attack the above matters, which do not go to the validity of the judgment and sentence.
Broom, 523 So.2d at 641.
Since 1988, several of the applications of habeas corpus described in Broom have been eliminated or restricted by changes in the law.[3] These changes demonstrate that the writ of habeas corpus is "the great and efficacious writ,"[4] not because it cannot be replaced or supplanted by better procedures, but because it has provided a constitutional remedy to assure the right to seek one's freedom from detention whenever the law does not otherwise provide an adequate mechanism to obtain relief from illegal detention. Rule 3.850(h) expressly recognizes that the writ remains available for the rare case in which a prisoner has been provided no adequate or effective way to test the legality of his or her "detention" despite the procedures in rule 3.850. This provision, however, does not overrule the jurisdictional language of section 79.09.
We conclude that neither the supreme court nor the legislature has recognized an exception to section 79.09 that would authorize a prisoner to file a petition for a writ of habeas corpus in the court that entered the criminal judgment when the prisoner is housed in another circuit.[5] When such petitions are filed, they are normally either improperly styled efforts to seek postconviction relief challenging the judgment or sentence, or they are challenges to detention filed in the wrong circuit. As such, the trial court should consider whether to treat the petition as seeking the remedy provided by rule 3.850 or whether the matter should be transferred. See art. V, § 2(a), Fla. Const. *323 (requiring that no cause shall be dismissed because an improper remedy has been sought and requiring the supreme court to implement rules to transfer matters filed in the wrong court).[6] Thus, the above-cited case law suggesting an exception to the jurisdictional requirement of section 79.09 invariably seems to resolve the case by properly treating the petition as if it were a motion under rule 3.850. Johnson, 947 So.2d at 1193; Richardson, 918 So.2d at 1001-02; Collins, 859 So.2d at 1246; Frederick, 714 So.2d at 1043; Calloway, 699 So.2d at 849.
In this case, although the circuit court should have treated the petition as if it were a motion seeking relief under rule 3.850,[7] the petition was untimely and alleged no basis for review under rule 3.850 after the expiration of the standard two-year period. There is also no reason to transfer the petition to the circuit in which Mr. Valdez-Garcia is incarcerated because the petition on its face did not allege any ground that could authorize that court to order his release from unlawful detention. Accordingly, we affirm.
Affirmed.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] These territorial statutes became the law of the State of Florida in 1845 by virtue of article XVII, section 1, of the 1838 Florida Constitution.
[2] See also Vazquez v. State, 948 So.2d 930, 930 (Fla. 3d DCA 2007); Johnson v. State, 947 So.2d 1192, 1193 (Fla. 3d DCA 2007) (stating defendant required to file petition attacking the validity of judgment in circuit that imposed the sentence) (citing Calloway v. State, 699 So.2d 849, 850 (Fla. 3d DCA 1997)); Vale v. State, 946 So.2d 104, 104 (Fla. 5th DCA 2007) (explaining "jurisdiction for habeas proceedings rests with the trial court that imposed the sentence and rendered the judgment of conviction"); Richardson v. State, 918 So.2d 999, 1001 (Fla. 5th DCA 2006).
[3] For example, gain time and other determinations of the parole and probation commission are usually handled administratively by the Department of Corrections and challenged in court by writ of mandamus. See Bush v. State, 945 So.2d 1207, 1210 (Fla. 2006); Sheley v. Fla. Parole Comm'n, 720 So.2d 216, 217 (Fla.1998). Belated appeals and ineffective assistance of appellate counsel are now addressed by Florida Rule of Appellate Procedure 9.141(c). See Sims v. State, 876 So.2d 561 (Fla.2004). Despite the creation of this rule, many petitions for belated appeals are styled under the rubric of habeas corpus instead of filed as rule 9.141(c) motions. See, e.g., Harris v. State, 911 So.2d 221 (Fla. 2d DCA 2005).
[4] William Blackstone, 3 Commentaries on the Laws of England *131.
[5] Given the flexibility and the long history of the writ of habeas corpus, we cannot rule out the possibility that the writ could have a proper postconviction use in the court that entered the judgment and conviction. At this point, however, we are unable to provide an example of such a circumstance. Perhaps, if there were an issue of constitutional dimension that could be raised only after the expiration of the two-year period and the rules providing for motions under rule 3.850 beyond the normal two-year period did not permit a review of that important issue, then a petition for habeas corpus in the court that entered the judgment and conviction might be appropriate.
[6] See also Fla. R. Civ. P. 1.060(b) (allowing for transfer of actions filed in the wrong county); Fla. R. App. P. 9.040(b)(1), (c) (providing for transfer of proceeding commenced in an inappropriate court to an appropriate court and for treating cause as if a proper remedy had been sought when party seeks an improper remedy); Bush v. State, 945 So.2d 1207, 1214 (Fla.2006) (stating that transfer, rather than dismissal, is the preferred remedy for improper venue).
[7] By treating the habeas petition as a rule 3.850 motion, the trial court conserves judicial resources and promotes efficiency by disposing of the claims initially. Otherwise, many petitioners will file the same claims in a properly titled motion, expending more of the court's time and resources. Moreover, an appeal of an unsuccessful petition for writ of habeas corpus aimed at a conviction or sentence and filed in the county of conviction typically requires full briefing and the compilation of a complete record. This is not only more expensive for both the trial court and the appellate court, but it is also a more time-consuming appellate proceeding.