[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10786

_____

D. C. Docket No. 06-01633-CV-T-17-EAJ

MICHAEL R. MURPHY,

                                                        Petitioner-Appellant,

versus

SECRETARY,DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 29, 2008)**

Before CARNES and MARCUS, Circuit Judges, and DuBOSE,[*] District Judge.

_____

[*] Honorable Kristi K. DuBose, United States District Judge for the Southern District of Alabama, sitting by designation.

PER CURIAM:

In this appeal from the district court's denial of a 28 U.S.C. § 2254 petition on statute of limitations grounds, the parties have addressed a number of issues involving application of § 2244(d). We need address only one of them: whether petitioner's second Rule 3.850 motion was "properly filed" in the Florida state courts within the meaning of § 2244(d)(2).

A petition dismissed in whole or part because it was untimely is not properly filed for § 2244(d)(2) purposes. See Carey v. Saffold, 536 U.S. 214, 226, 122 S. Ct. 2134, 2141 (2002) (if a state court held that a petition was untimely "that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits"). In affirming Murphy's second petition, the Second District Court of Appeals cited five earlier DCA decisions. See Murphy v. State, 937 So. 2d 132 (Fla. 2d DCA 2006) (unpublished table decision). In one of those decisions that the state appellate court relied on the denial of relief had been affirmed solely because the petition was untimely, in one the denial had been affirmed solely because the petition lacked merit, and in the other three the denial had been affirmed both because the petition was untimely and lacked merit. See Pope v. State, 702 So. 2d 221, 223–24 (Fla. 1997); Joseph v. State, 835 So. 2d 1221, 1221–22 (Fla. 5th DCA

2

2003); <u>Brown v. State</u>, 827 So. 2d 1054, 1055 (Fla. 2d DCA 2002); <u>Green v. State</u>, 765 So. 2d 825, 825 (Fla. 2d DCA 2000); <u>Jackson v. State</u>, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994). From that fact we conclude that the denial of Murphy's second Rule 3.850 motion was affirmed both because it was untimely and because it lacked merit. That means the motion was not "properly filed" for § 2244(d)(2) purposes. See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 413–17, 125 S. Ct. 1807, 1812–14 (2005); <u>Carey,</u> 536 U.S. at 226–27, 122 S. Ct. at 2141.

Because Murphy's second Rule 3.850 motion was not properly filed, it did not give him the benefit of the § 2244(d)(2) tolling provision. As a result, there is a period of more than a year before Murphy filed his § 2254 petition in the district court during which he had no properly filed state collateral petition pending to toll the running of the limitations period. It follows that Murphy's § 2254 petition was due to be denied under § 2244(d)(1) regardless of how his earlier Rule 3.850 motion is treated.

**AFFIRMED.**

3