LaROSE, Judge.
Brian Clough timely appeals the post-conviction court’s order dismissing, in part, and denying, in part, his petition for a writ of habeas corpus. See § 79.01, Fla. Stat. (2009). We have jurisdiction, see Fla. R. App. P. 9.140(b)(1)(D), and affirm. We write to address the argument that the postconviction court denied Mr. Clough due process of law by converting, without notice, his habeas petition to a postconviction motion under Florida Rule of Criminal Procedure 3.850. We review this issue de novo. See Nelson v. State, 43 So.3d 20, 28 (Fla.2010) (stating that appellate court reviews de novo a trial court’s legal conclusions made in ruling on postconviction motion).
The State charged Mr. Clough with trafficking in cannabis. See § 893.135, Fla. Stat. (2009). In January 2011, a jury convicted Mr. Clough. The trial court sentenced him to five years in prison. Mr. Clough unsuccessfully appealed his judgment and sentence to this court. Clough v. State, 100 So.3d 687 (Fla. 2d DCA 2012) (table decision). Our mandate issued in November 2012. Shortly thereafter, Mr. Clough filed his habeas petition in the Sixth Judicial Circuit, the same court in which he had been convicted and sentenced. Mr. Clough was not incarcerated within that circuit.
Mr. Clough raised five claims in his petition; each attacked the validity of his conviction. The postconviction court summarily denied his third claim, which asserted that the trial court lacked subject matter jurisdiction because a felony information based on testimony from material witnesses was not filed in the trial court. The postconviction court attached portions of the record that showed that a felony information was filed; the postconviction court also stated that the allegation of lack of sworn testimony was too speculative.
In claim one, Mr. Clough contended that, because no evidence established that the Hillsborough and Pinellas County Sheriffs Offices had a mutual aid agreement authorizing the Pinellas County detectives to investigate in Hillsborough County, his arrest, conviction, and detention are illegal. Claim two asserted that law enforcement officers failed to obtain a warrant before intercepting his communication with them. Claim four contended that Mr. Clough was denied a fair trial because the State used false information to convict him. Claim five maintained that his arrest, detention, and conviction were predicated upon fraud, illegally and fraudulently collected evidence, collusion, and facts not in evidence. The postconviction court dismissed each of these claims because Mr. Clough should have raised them on direct appeal. We find no error in the merits decision reached by the postconviction court. Accordingly, we discuss the merits of the claims no further.
The significant issue posed by Mr. Clough is whether the postconviction court was required to give him notice of its intent to convert the petition to a rule 3.850 motion.[1] According to Mr. Clough, his lack of prior notice may now preclude *682 him from asserting the same claims or raising any new claims of which he knew at the time he filed his petition. We have not addressed this issue before; we are aware of no guiding decision by our sister districts. Mr. Clough did not raise this issue with the postconviction court, after the petition had been converted, in a motion for rehearing.
Mr. Clough argues that the lack of notice violated his right to due process of law under the Florida Constitution. See art. 1, § 9 Fla. Const. (“No person shall be deprived of life, liberty or property without due process of law .... ”). Mr. Clough argues that, to avoid any constitutional infirmity, the postconviction court should have dismissed the petition for lack of jurisdiction or, if it chose to proceed under rule 8.850, it should have given Mr. Clough notice of its intention and afforded him an opportunity to amend or withdraw his petition.
Mr. Clough acknowledges the postcon-viction court’s authority to treat his petition as a rule 3.850 motion. He concedes that he was not incarcerated in the Sixth Judicial Circuit and that rule 3.850 has subsumed many of the grounds traditionally encompassed by habeas petitions. Section 79.01 provides that a “person detained in custody” may by a writ of habeas corpus show “that he or she is detained without lawful authority,” entitling him or her to immediate release. The proper venue for these petitions is “the circuit court of the county in which the prisoner is detained.” § 79.09.
A habeas petition may not substitute as a vehicle to address issues that could have or should have been raised in a rule 3.850 proceeding. Baker v. State, 878 So.2d 1236, 1241 (Fla.2004). Rather, a petition for a writ of habeas corpus now applies only in those limited circumstances where the petitioner is not seeking to collaterally attack a final criminal judgment of conviction and sentence. Id.; see, e.g., Valdez-Garcia v. State, 965 So.2d 318, 321-22 (Fla. 2d DCA 2007) (holding that habeas corpus remedy remains available in areas including tests of pretrial detention and pretrial bond denial or excessive amount, and extradition challenges) (quoting State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988)).
The legal paradigm for conversion of the petition hinges on the proper procedural vehicle for postconviction claims. The purpose of the great writ of habeas corpus is to “provide[] a constitutional remedy to assure the right to seek one’s freedom from detention whenever the law does not otherwise provide an adequate mechanism to obtain relief from illegal detention.” Valdez-Garcia, 965 So.2d at 322. A postconviction motion, not a habeas petition, is the proper mechanism to collaterally attack a judgment and sentence. Roy v. Wainwright, 151 So.2d 825, 827 (Fla.1963) (changing collateral-attack mechanism from habeas corpus petition to specific postconviction motion); Watts v. State, 985 So.2d 21, 22 (Fla. 2d DCA 2008).
Mr. Clough also recognizes that when a petitioner improperly seeks relief under section 79.01, the postconviction court may convert the petition to a rule 3.850 motion, absent a procedural bar. See Watts, 985 So.2d at 22; Curtis v. State, 870 So.2d 186, 186 (Fla. 2d DCA 2004). Mr. Clough filed his petition pursuant to section 79.01. The postconviction court properly treated it as a rule 3.850 motion because Mr. Clough was incarcerated in Gulf County and the claims raised in the petition collaterally attack his conviction and sentence. See Valdez-Garcia, 965 So.2d at 322.
However, Mr. Clough maintains that due process required that he receive prior notice of the postconviction court’s *683 intent. With such notice, Mr. Clough argues, he could have withdrawn his petition or amended it to raise additional claims. He asserts, for example, that with notice, he could have easily amended his claims to assert ineffectiveness of counsel claims. Mr. Clough argues that any future post-conviction motion he may file will be barred as successive.[2] See Fla. R. Crim. P. 3.850(h)(2).
We cannot agree with Mr. Clough’s prediction. A new rule 3.850 motion is not necessarily doomed to dismissal. After all, the decision to dismiss such a motion as successive is left to the postconviction court’s discretion:
A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant’s counsel to have asserted those grounds in a prior motion.
Fla. R. Crim. P. 3.850(h)(2); see also Foster v. State, 614 So.2d 455, 458 (Fla.1992) (stating that, for a second motion alleging new and different grounds not to be dismissed as successive, the grounds asserted must not have been known and could not have been known at the time of the filing of the earlier motion and the justification for the failure to raise these grounds in the prior motion must be given).
We acknowledge that Mr. Clough’s argument is not without support. He points us to Castro v. United, States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), which deals with the federal analog for postconviction relief. Mr. Castro challenged his federal drug conviction in a pro se motion for a new trial under Federal Rule of Criminal Procedure 33. Id. at 378, 124 S.Ct. 786. Because the claims were cognizable as federal habeas claims under 28 U.S.C. § 2255 (1997),[3]- the district court recharacterized them as § 2255 claims and denied relief. Id. As here, the district court gave Mr. Castro no advance notice. Id. Mr. Castro did not challenge the recharacterization on appeal. Id. He subsequently filed what he viewed as his first § 2255 motion raising a new claim of ineffective assistance of counsel. Id. The district court concluded that this was a *684 second § 2255 motion; it dismissed the motion because Mr. Castro had not obtained permission from the appeals court to file a second or successive § 2255 motion. Id. at 378-79, 124 S.Ct. 786. The Eleventh Circuit affirmed. Id. at 379, 124 S.Ct. 786.
The Supreme Court vacated the Eleventh Circuit’s opinion, holding, in part, that a district court’s power to recharac-terize a pro se litigant’s motion as a first § 2255 motion is limited:
[T]he district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on “second or successive” motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.
Id. at 383, 124 S.Ct. 786. Mr. Clough urges a like procedure here. Two distinctions, however, are readily apparent. First, Castro is of no constitutional moment. The rule adopted by the Supreme Court is based on its supervisory powers over the federal judiciary. Id. at 382, 124 S.Ct. 786. Second, the Supreme Court adopted its rule in the context of an actually filed-and-denied successive federal habe-as petition under § 2255. In contrast, Mr. Clough seeks relief from us, anticipating what may happen if he ever decides to file a rule 3.850 motion.
We do not pass on the merits of Mr. Clough’s due process argument because ours is not an advisory role. We address concrete claims through the filter of thoughtful exposition before the trial or postconviction court. Unless and until Mr. Clough files a postconviction motion that may or may not be denied as successive, his alleged constitutional violations are theoretical. Quite simply, the issue is not ripe for review. See Anderson v. State, 18 So.3d 501, 522 (Fla.2009) (holding that a signed death warrant is necessary before a court can consider a claim that a prisoner cannot be executed due to incompetency); see also Hart v. State, 516 So.2d 58, 58 (Fla. 2d DCA 1987) (holding restitution claim premature because trial court had not entered a restitution order). We cannot examine an alleged harm that has not yet occurred and may never occur.
Accordingly, we affirm the postconviction court’s order denying, in part, and dismissing, in part, Mr. Clough’s converted rule 3.850 motion.
Affirmed.
VILLANTI and CRENSHAW, JJ., Concur.

. As a rule 3.850 motion, the petition was timely filed and contained a proper oath. See Fla. R. Crim. P. 3.850(b), (c).

. Mr. Clough has until sometime in November 2014 to file a rule 3.850 motion. See Fla. R. Crim. P. 3.850(b).

. 28 U.S.C. § 2255 (1997) provided, in pertinent part, as follows:
(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
[[Image here]]
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.