DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

WALLACE WOODS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2024-1547
_____

August 6, 2025

Appeal from the Circuit Court for DeSoto County; Don Thomas Hall,
Judge.

Wallace Woods, pro se.

James Uthmeier, Attorney General, Tallahassee, and Sandra Lipman,
Senior Assistant Attorney General, Miami, for Appellee.


ATKINSON, Judge.

Wallace Woods appeals the circuit court's order reclassifying his
petition for writ of habeas corpus as a motion for postconviction relief
and transferring the motion to the circuit court for Miami-Dade County.
Though the circuit court correctly identified that Mr. Woods' petition
sought collateral postconviction relief available under Florida Rule of
Criminal Procedure 3.850, it erred by reclassifying the petition as a rule
3.850 motion and transferring it to Miami-Dade County. We reverse the

circuit court's order and remand with directions that it dismiss Mr. Woods' petition as unauthorized.

Mr. Woods was charged in Miami-Dade County with robbery in violation of section 812.13(2)(c), Florida Statutes (2004), and burglary with assault and battery in violation of section 810.02(2)(a), Florida Statutes (2004). He was convicted, and in 2006, the Third District Court of Appeal affirmed Mr. Woods' judgment and sentences on direct appeal. *See Woods v. State*, 941 So. 2d 495 (Fla. 3d DCA 2006).

Mr. Woods is currently serving his sentences at the DeSoto Correctional Institution in DeSoto County. He filed a petition for writ of habeas corpus in the DeSoto County Circuit Court, in which he argued that the charging document upon which he was convicted was fundamentally defective and void because it failed to allege the time and place where the crimes occurred and thus failed to allege the essential element of venue. Rather than recognize the filing as a "true petition for writ of habeas corpus," however, the circuit court determined that the petition sought postconviction relief because Mr. Woods sought to collaterally attack his judgment and sentences based on errors that allegedly occurred during his underlying criminal case in Miami-Dade County. On that basis, the circuit court relabeled the petition "as a Rule 3.850 motion for postconviction relief" and transferred it to the Miami-Dade County Circuit Court.

The trial court was correct in its assessment that Mr. Woods' petition for writ of habeas corpus sought postconviction relief under rule 3.850, as it collaterally attacked the information upon which he had already been convicted and sentenced. *Cf. Clough v. State*, 136 So. 3d 680, 682 (Fla. 2d DCA 2014) ("[A] petition for a writ of habeas corpus now applies only in those limited circumstances where the petitioner is

2

not seeking to collaterally attack a final criminal judgment of conviction and sentence." (citing *Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004))). A writ of habeas corpus is generally not an available remedy for such postconviction relief. *See Baker*, 878 So. 2d at 1245 ("The remedy of habeas corpus is not available in Florida to obtain the kind of collateral postconviction relief available by motion in the sentencing court pursuant to rule 3.850."); *Zuluaga v. State, Dep't of Corr.*, 32 So. 3d 674, 676–77 (Fla. 1st DCA 2010) ("Habeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings." (first citing *Breedlove v. Singletary*, 595 So. 2d 8, 10 (Fla. 1992); then citing *Mills v. Dugger*, 574 So. 2d 63, 65 (Fla. 1990); and then citing *Robbins v. State*, 564 So. 2d 256, 257 (Fla. 1st DCA 1990))).

There are limited circumstances in which a petition for writ of habeas corpus may be used to challenge a "fundamentally defective" information that "wholly fail[s] to charge a crime." *Price v. State*, 995 So. 2d 401, 407 (Fla. 2008) (citing *State v. Gray*, 435 So. 2d 816, 818 (Fla. 1983)). But any failure to allege venue in an information does not meet that standard. *See Braddy v. State*, 111 So. 3d 810, 835 (Fla. 2012) ("[F]ailure to allege venue in an indictment or information is an error of form, not of substance and such a defect will not render the charging instrument void absent a showing of prejudice to the defendant." (quoting *Tucker v. State*, 459 So. 2d 306, 309 (Fla. 1984))); *Tucker*, 459 So. 2d at 309 ("[W]e hold that failure to allege venue is not a fundamental defect in an indictment."). Moreover, the information in this case did not fail to allege venue, as it alleged that the crimes took place in Miami-Dade County. In each count, the information indicated that the

3

respective crime was committed "in the County and State aforesaid," referring back to the opening paragraph of the information, which listed "the County of Miami-Dade" as the county in which Mr. Woods was prosecuted. Consequently, Mr. Woods did not raise any claim that is remediable by habeas corpus.

Generally, when a defendant improperly seeks postconviction relief in a habeas petition, a circuit court may convert the habeas petition to a rule 3.850 motion and transfer it to the sentencing court. *See Myrick v. Inch,* 303 So. 3d 269, 272 (Fla. 2d DCA 2020). *Compare* § 79.09, Fla. Stat. (2024) (providing that a petition for writ of habeas corpus must be filed in "the circuit court of the county in which the prisoner is detained"), *with Baker,* 878 So. 2d at 1245 (providing that collateral postconviction relief is "available through a rule 3.850 motion in the sentencing court"). But if there would be a procedural bar to a postconviction motion, the circuit court should instead dismiss the habeas petition as unauthorized. Specifically, the petition should be dismissed if it

> (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise[s] claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.

*Baker,* 878 So. 2d at 1245–46; *cf. Clough,* 136 So. 3d at 682 (providing that a habeas petition may be converted to a rule 3.850 motion "absent a procedural bar"). Mr. Woods' habeas petition raised a claim that could have been raised at trial or on direct appeal, if preserved. Additionally, if construed as a rule 3.850 motion, Mr. Woods' petition would be untimely

4

because it has been more than two years since his judgment and sentences became final, and he has not alleged that any of the exceptions to filing the motion beyond the two-year time period apply. *See* Fla. R. Crim. P. 3.850(b). Therefore, dismissal was the proper remedy. *See Rafael v. Crews*, 154 So. 3d 505, 507 (Fla. 4th DCA 2015) ("Because the remedy of habeas corpus is not available to appellant to obtain the kind of collateral postconviction relief he has sought and continues to pursue, the trial court was not required to transfer appellant's petition to the Twentieth Circuit for consideration in collateral postconviction relief proceedings. Instead, the trial court should have dismissed the petition as unauthorized." (citing *Baker*, 878 So. 2d at 1245–46)); *cf. Burns v. State*, 396 So. 3d 629, 630 (Fla. 5th DCA 2024) ("Because the trial court should have dismissed Burns' claim, we reverse and remand with instruction to dismiss Burns' petition for writ of habeas corpus as unauthorized.").

The circuit court's order reclassifying Mr. Woods' petition as a rule 3.850 motion and transferring it to the Miami-Dade County circuit court is reversed, and the case is remanded with instructions for the circuit court to dismiss the petition as unauthorized.

Reversed and remanded with instructions.

MORRIS and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

5